THE UTICA INSURANCE COMPANY *vs.* THE AMERICAN MU-
TUAL INSURANCE COMPANY.

It was not the intention of the legislature, by the 16th section of the act of
April 10, 1849, providing for the incorporation of insurance companies,
which authorizes suits at law to be brought against such companies, by
any member or stockholder, for losses, if payment is withheld more than
two months, after such losses " shall have become *due*," to give a further
credit after the expiration of the two months from the time when the proofs
are received by the company and the claim is allowed, and the amount fixed,
by the company.

Accordingly, where the amount due upon a policy was settled, by a resolution
of the company, on the 13th of January, and the money declared to be pay-
able in sixty days thereafter; *Held* that by such settlement the money be-
came then *due* by the true interpretation of the statute, *payable* in sixty days
thereafter; and that at the end of the sixty days a suit might be commenced.

THIS was an action upon a policy of insurance against fire,
which the defendants had issued to the plaintiffs, to re-insure
them, on a risk which the plaintiffs had previously taken upon
the property insured. The cause was tried at the Oneida cir-
cuit, in June, 1852, before Justice Harris, without a jury. The
plaintiffs introduced and read in evidence a stipulation signed
by the counsel for the defendants, by which it was admitted,
1. That on or about the 13th January, 1852, the proofs of
loss were forwarded by the plaintiffs to the defendants and re-
ceived by them. 2. That said proofs were referred to the exec-
utive committee of the board of directors of the defendants,
who were duly authorized to pass upon the same and to allow
losses, and that said committee, after consultation, on the 13th
day of January, 1852, decided to allow said claim, and made
said decision manifest by an indorsement upon said proofs, as
follows : " Allowed, payable 60 days from the 13th of January,
1852." 3. That H. N. Hadley, as secretary of the defendants,
then entered in the book of minutes kept by the defendants, a
resolution in the words and figures following : " *Resolved*, That
the Utica Insurance Company be allowed the sum of $892,35,
for loss by fire on Birckhead block, Buffalo ; risk re-insured by
this company under policy No. 68 of the Buffalo agency of this
company, and payable at 60 days from January 13, 1852."

4. That this was the method usually pursued by the defendants, for the allowance and adjustment of claims and losses. 5. That the following letters were written and sent to the plaintiffs by H. N. Hadley, secretary of the defendants.

> " *American Mutual Insurance Office,*
> Amsterdam, N. Y. January 29, 1852.

Utica Ins. Co.

Gent.—Your loss on Birckhead block is allowed, payable 60 days from the 13th day of January, 1852.

> Respectfully yours, H. N. HADLEY, Sect."

> " *American Mutual Insurance Office,*
> Amsterdam, N. Y. Feby. 2, 1852.

John S. Hunt, Esq.

Dear Sir—Yours of the 31st inst. is to hand, notifying us of having drawn on us for $892,35. It has become, by decision of our board, an established rule to accept no paper for losses. The treasurer is only authorized to pay at maturity of the liability, if it is such. The Ex. Com. of this Comy. pass on your loss in manner following: Resolved, That the Utica Ins. Co. be allowed the sum of $892,35 for loss by fire on Birckhead block, Buffalo, risk re-insured in this Co. under policy No. 68, of the Buffalo agency of this Co. and payable at 60 days from Jan. 13, 1852.

When the time indicated arrives, nothing in the meanwhile preventing, the amount will be duly forwarded to you.

> Yours truly, H. N. HADLEY, Sect."

6. That the same were signed by said Hadley in his official character, and that from the time of executing the policy set forth in the complaint, to the date of the stipulation, the said Hadley was secretary of the defendants.

The action was commenced after the expiration of sixty days from the 13th day of January, 1852, viz. on the 8th of April, 1852, but before two months had elapsed in addition to the said sixty days. The court decided that the plaintiffs were entitled to recover of the defendants the sum of $892,35, with interest from the 14th day of March, 1852. And judgment

having been entered for that sum, the defendants, upon exceptions, moved for a new trial.

*S. P. Heath*, for the appellants. The action was prematurely brought, for the following reasons : 1. By the terms of the policy issued by the defendants, the loss or damage was "to be paid within sixty days after notice and proof thereof made by the assured, in conformity to the conditions annexed to said policy." The notice and proofs of loss were made on the 13th day of January, 1852. By the terms of the policy, the time within which this loss was to be paid expired on the 13th day of March, 1852, at which time, and not before, the said loss became due. The defendants are a corporation organized under the provisions of the act entitled "An act to provide for the incorporation of insurance companies," passed April 10, 1849. By the 16th section of the act under which the defendants were organized, suits at law cannot be maintained by any stockholder or member of the corporation for losses until payment shall have been *withheld* more than two months after such loss shall have become due. (*Laws of* 1849, *p.* 448, § 16.) This suit was commenced April 8th, 1852, which was before the time indicated by the above section, i. e. before payment had been withheld two months after the same became due. 2. The only evidence upon which the plaintiffs recovered, was the proofs of loss and the resolutions of the board of directors of the defendants. The justice at the circuit held, that by this resolution the defendants acknowledged their liability and promised to pay the said loss in sixty days after the 13th day of January, 1852. By the terms of the resolution upon which the plaintiffs recovered, and which the circuit judge held to be a promise to pay in 60 days, the loss was not *due*, and the defendants could not have been called upon to pay until the 13th day of March, 1852. The loss could not, by any construction of the policy, have been held to be due and payable until the expiration of sixty days after the 13th day of January, 1852, and the defendants could not be considered as withholding payment until the expiration of that time. The demand accrued at the time of the furnishing notice and proofs of

loss by the plaintiffs, but was not *due* and *payable* until the expiration of 60 days thereafter. The liability of the defendants upon the policy is the same as if they had given their promissory note dated January 13, 1852, payable 60 days after date. In neither case could the defendants be considered as *withholding* payment after the demand became *due*, until the expiration of the 60 days.

*Hunt & Throop*, for the respondents. I. By the stipulation read in evidence, and the admissions in the pleadings, the plaintiffs established a case entitling them to recover $982,35, with interest from March 13, 1852. By the stipulation the defendants' liability to pay this loss was expressly admitted, by the formal action of the corporation. By the letters of the secretary, the company expressly promised to pay this loss in 60 days from January 13, 1852. This is an usual and ordinary exercise of the duties of the office of secretary, by which the company will be bound. (23 *Wend.* 18. 1 *Hare & Wallace, Am. Lead. Cases*, 568–9, 571. 11 *Wend.* 87. 5 *Conn. R.* 71.) It was not necessary to establish the original cause of action. The plaintiffs made a claim of $982,35. The defendants, after examination, deliberately admitted their liability, and to the extent claimed. This is sufficient. (2 *Hill*, 502. 9 *Wend.* 293. 15 *Id.* 284, 302. *Chitty on Bills*, 8th *Lond.* ed. 150. 2 *Atk.* 32. *Bayley*, 5.) No question of apportionment can arise, as the plaintiffs rely entirely on the defendants' recognition of the debt, and that recognition fixes the precise amount. The question of insurable interest is disposed of in the same way. The plaintiffs claim that they have the defendants' re-insurance, and submit their proofs. The defendants, upon examining the case, recognize the validity of the claim. But the plaintiffs had a right to re-insure their risks. The *Gen. Ins. Law*, (*Laws of* 1849, *p.* 442, § 2,) gives the right to re-insure, in express words. The word "insure" in a policy covers re-insurance. (1 *Sand. Sup. Ct. R.* 137.) A company authorized to make contracts of insurance may lawfully make contracts of re-insurance. (17 *Wend.* 359.)

II. The right of action had fully matured, when the suit was commenced. The fire took place December 27, 1851. The preliminary proofs were served January 12, 1852. The loss was allowed January 13, 1852. The defendants promised to pay it in 60 days from that date. By the terms of the policy, the loss was payable in 60 days after furnishing proofs. None of the allegations respecting the issuing and terms of the policy by the defendants, are denied. The 16th section of the insurance act does not establish any other rule. (*Laws of* 1849, *p.* 448, § 16.) If the plaintiff is not a member of the defendants' company, the provision is not applicable, and the right rests on general grounds. If the provision is applicable, it is at the most *a permission* to take a credit of two months after the loss is due, *i. e.* a credit of four months in all. Such provision is for their benefit, and they may waive it if they choose. (3 *Hill,* 161.) They have waived it in the present case. (1.) By promising in the policy, to pay in two months after proofs furnished. (2.) They promised in the resolution of January 13, to pay in 60 days from that date. It was intended (at the most,) to prevent a stipulation for a longer credit than two months, which it was feared some companies would desire to take. The loss becomes due when the proofs are furnished, and is payable in 60 days from that date. The section is intended to give time of payment, until two months from the time proofs are furnished. The act to incorporate the Jefferson County Mutual Insurance Company, (*Laws of* 1836, *p.* 44, 45,) authorizes a suit "if payment is withheld more than three months after the company are duly notified of such losses." The law of 1849 intended to establish the same rule. A trifling change of phraseology will not indicate an intention to change an established rule of law. (2 *Cai. Cas.* 151. 4 *John.* 350. 2 *Hill,* 380. 21 *Wend.* 316.) There is an evident mistake in the language of the statute, and it will be construed in accordance with right and the established law. Fortunately they concur in the present instance.

*By the Court,* GRIDLEY, J. All the objections to the recovery were given up by the defendants' counsel, except that founded

on the 16th section of the act of 1849. (*Laws of* 1849, *p.* 448.) That section provides that the corporation may sue its stockholders; and that "suits at law may be prosecuted by any stockholder, against such corporation, for losses which may have accrued (if payment is withheld more than two months,) in all risks after such losses shall have .become *due.*" .The word due has two meanings. The one indicates a debt ascertained and fixed, though payable *in futuro;* and the other a debt, where the money has become payabTe, so that a suit will lie on it presently. The first objection applies whenever a sum of money is due by a certain and express agreement, as by a bond for a determinate sum, a bill, a note, or a special bargain, or rent reserved on a lease; when the quantity is fixed and specified, and does not depend ˙on any subsequent valuation to settle it. (2 *Jacob's Law Dic.* 198.) This is in accordance with the old maxim, "*Debitum in presenti, solvendum in futuro.*" The amount due in this case was settled, by a resolution of the company, on the 13th day of January, 1852, and the money declared to be payable in sixty days thereafter. This suit was not commenced till after the expiration of˙ the said sixty days. This was right. It was not the intention of the act to give a further credit of sixty days, after the expiration of the two months from the time when the proofs were received by the company, and the amount had been settled and allowed, and fixed absolutely, by the defendants. By that settlement, stated in the resolution of the 13th of January, 1852, the money became *due* by the true interpretation of the statute, *payable* in sixty .days thereafter. Such we think is the true construction of this section.

New trial denied.

[ONEIDA GENERAL TERM, January 5, 1853. *Gridley, Pratt, W. F. Allen* and *Hubbard,* Justices.]