HODGES *against* THE TENNESEE MARINE AND FIRE INSURANCE
COMPANY.

In an action by the assignee of. a policy of insurance to whom the insured
premises have been conveyed by a deed absolute upon its face, it is competent
to show by parol evidence that the deed was given as a collateral security.

The case of *Webb* v. *Rice*, (6 *Hill*, 221,) simply decides that in an action at
law, unwritten evidence is inadmissible to show that a deed was intended as
a mortgage.

In equity, parol evidence is admissible to show that a deed absolute upon its
face is a mortgage.

This was an action brought in the Superior court of the
city of New York upon a policy of insurance upon a hotel
in Massachusetts, issued by the defendant to Joseph A.
Slamm on the first of September, 1848. On the same day
Slamm conveyed the premises to the plaintiff by a deed
absolute on its face. On the 4th of the same month Slamm
with the assent of the company assigned the policy to the
plaintiff " as a collateral security." The property insured
was burned in the month of April, 1849.

In the complaint the plaintiff alleged that Slamm had
conveyed the insured premises to him by deed, " and that
prior to and at the time of the conveyance the said Slamm
had been and was legally indebted to him, and as a further
security, simultaneously with the conveyance" assigned the
policy to him as a collateral security. The defendant in
the answer denied the plaintiff's right to recover, on the
ground that the assignment was approved on the repre-
sentation that it was intended as a collateral security upon
an indebtedness secured by a mortgage, when in fact the
insured premises had been conveyed absolutely to the
plaintiff, by means whereof the policy became void. The
plaintiff replied, denying that any representation that
the indebtedness was secured by a mortgage was made, or

that the approval of the defendant was made on the faith of such a representation, and averring that at the time of approving the assignment the defendant was informed of the deed.

On the trial the plaintiff after giving in evidence '' ʒ policy and assignment, and proving the loss, rested. '; .e defendant's counsel then moved for a nonsuit, which was denied. The deed from Slamm to the plaintiff was then given in evidence, and it was proved by witnesses in the defendant's office that at the time the approval of the assignment was made, it was understood to be collateral and to cover some mortgage, and that the blank for the assignment was there filled up at the request of the plaintiff. The defendant then rested. The plaintiff then called a witness to show that the deed was given merely as a security for money due to him from Slamm. The defendant's counsel objected, on the ground that the plaintiff's pleadings alleged the deed to be an absolute conveyance, and the court sustained the objection. The plaintiff's counsel then moved to amend the complaint by adding an averment that the conveyance of the insured premises was made as a collateral security for an indebtedness of Slamm to the plaintiff. The defendant opposed the amendment, on the ground that proof of such proposed allegation was inadmissible, as it went to contradict or vary the deed, and also that it was not allowable under the code of proceedure, as it went to make out a new case, and to remedy a failure of proof. The court overruled the objections and allowed the amendment on condition that it be deemed traversed by the answer.

The plaintiff then proved by parol that the deed was given as a collateral security for money owing to him by Slamm, and also to cover expected advances. The parties then rested.

The defendant's counsel then submitted that the testimony showed an absolute title in the plaintiff under the deed: that if as between the immediate parties to it it might be

SEL. IV,—53.

construed as a mortgage, yet as to the defendant it was what it purported to be, an absolute deed. The court overruled the objection and directed a verdict for the plaintiff. The judgment rendered upon the verdict was affirmed by the court *en banc,* and the defendant appealed.

*J. V. Loomis,* for appellant, insisted that the judge on the trial erred in permitting the amendment, and that parol evidence being inadmissible to vary the legal import of a written agreement, the amendment let in proof, by which defendants in law, ought not to be affected: that the admission of testimony to show the consideration of the deed different from that expressed on the face of it, was improper, as the defendants had a right to hold the contracting parties, to the legal. import and effect of the deed as it appears on its face, and were not to be affected by any verbal understanding between them to the contrary. (*Webb* v. *Rice,* 6 *Hill,* 219; 1 *Hill,* 606, *S. C., dissenting opinion of Bronson, J.; Cow. & Hill's notes, v.* 1428, *note* 961; 1 *Greenleaf Ev. ch.* 15, § 275 *to* 277

*D. Lord,* for respondent. The actual consideration of a deed may always be shown by parol. (16 *Wend.* 46, *M'Crea* v. *Purmort.*) It may also be shown notwithstanding the receipt and release contained in it, that the consideration money is unpaid. (14 *John.* 210, *Shephard* v. *Little;* 20 *John.* 338, *Bowen* v. *Bell.*) And when this is unpaid there is an equitable lien in the grantor which is in substance an equitable mortgage for it. (1 *John. ch.* 308, *Garson* v *Green;* 1 *Paige* 20, *Fish* v. *Howland.*) In Massachusetts a deed may be shown by parol evidence to be a mere security (8 *Pick.* 406, *Richards* v. *Russell;* 2 *Sumner,* 321, *Taylor* v. *Luther.*)

JOHNSON, J. — The determination of the judge in allowing the amendment of the pleadings was within his discretionary power, and is not the subject of review in this court.

Hodges *against* The Tennessee Marine and Fire Insurance Company.

The remaining question in the cause relates to the existence of an insurable interest in Slamm at the time of the assignment of the policy to Hodges and of the loss. If such an interest existed, then the plaintiff's recovery can not be disturbed.

Upon the evidence there is no doubt of the following facts: that at the time when the insurance was effected, September 1, 1848, Slamm was the owner in fee of the premises insured: that on the 4th of September, 1848, he conveyed the premises to Hodges by a deed absolute upon its face, but intended to operate as a mortgage, and that upon the same day he transferred the policy to Hodges as collateral security; and that this transfer was made by the assent of the company.

If there is no rule of law forbidding us to take notice of the fact that the deed was intended as a mortgage, then beyond all question, Slamm as the owner of the equity of redemption in the premises had an interest in the insurance which had been effected by him as the owner of the fee, and the assignment with the company's assent transferred this interest to Hodges as collateral security, and he may upon the ground of the same interest sustain the recovery which has been had in this case.

The question then, taking it most strongly against the plaintiff, is, whether in equity Slamm might have a bill to redeem against Hodges, notwithstanding the deed was absolute upon its face. *Webb* v. *Rice*, 6 *Hill*, 219, does not conflict with the proposition that such a bill might be maintained. It only professes to decide that at law unwritten evidence is inadmissible to show that a deed was intended as a mortgage. From an early day in this state the admissibility of such evidence had been established as the law of our courts of equity, and it is not fitting that the question should now be re-examined. Upon the authority of *Strong* v. *Stewart*, 4 *J. C.* 167; *Clark* v. *Henry*, 2 *Cow.* 332; *Whittick* v. *Kane*, 1 *Paige*, 206; *Van Buren* v. *Olmsted*, 5 *Paige*, 10; *McIntyre* v. *Humphrey's* 1 *Hoff.* 34, with which

agree *Taylor* v. *Little*, 2 *Sumner*, 228, *Jenkins* v. *Eldredge*, 3 *Story*, 293, in all which cases except *Clark* v. *Henry*, the point was directly before the court, we think that the plaintiff's recovery in this case ought to be sustained.

WILLARD, J.—On the 1st September, 1848, when the policy was made, Slàmm the insured was the owner in fee of the Massasoit Hotel, the property insured. The property was described as his in the policy. On the 4th September, 1848, Slamm assigned the policy to the plaintiff, (as collateral,) and the assignment was approved by the agent of the defendant on the same day. The complaint alleges that on the 4th September, 1848, Slamm delivered to the plaintiff a deed of the same premises executed by himself and wife, thereby conveying the property insured to the plaintiff. The deed was dated September 1, 1848, and not delivered till the 4th. The complaint further says that prior to that time Slamm was indebted to the plaintiff in a large sum, and the assignment of the policy was made with the assent of the defendants as a further security for the debt. It is not averred or proved that the defendants assented to the conveyance by Slamm of the whole property to the plaintiffs, or that they knew of it when they approved the assignment of the policy. The deed from Slamm and wife to the plaintiff was given in evidence, and was a full covenant warrantee deed in the form usually adopted in this state.

The circuit judge then against the defendant's objection, permitted the plaintiff to so amend his complaint as to aver that the said conveyance was a collateral security for the indebtedness of Slamm to the plaintiff. Evidence was given tending to prove that averment and the plaintiff recovered the amount of the policy.

I. The absolute conveyance of the property by Slamm to the plaintiff avoided the policy. It is not pretended that that conveyance was assented to by the defendants

Hodges *against* The Tennessee Marine and Fire Insurance Company.

The moment the interest òf the insured terminated in the subject of the insurance, the policy ended.

II. The judge erred in permitting the plaintiff to prove by parol that the deed, absolute in its terms was intended, as a mortgage. (*Webb* v. *Rice*, 6 *Hill*, 219.) If the case is to be governed by the law of Massachusetts, the rule is the same. There was no evidence that the law of that state differs from ours, and in the absence of any proof on the subject, we must act upon our own laws. (*Robinson* v. *Dauchy*, 3 *Barb. S. C. R.* 20; 2 *Hill*, 201; 22 *Wend.* 322 *to* 324; *Ib.* 285, *note.*)

RUGGLES, Ch. J., and GARDINER, JEWETT and MORSE, JJ., concurred with judge Johnson in favor of affirming the judgment.

WILLARD, TAGGART and MASON, JJ., were for its reversal

Judgment affirmed.