HODGES *against* THE TENNESSEE MARINE AND FIRE INSURANCE COMPANY.

*Insurable interest; parol evidence to explain deed; amendment.*

ON the first September, 1848, the defendants made a policy of insurance against fire to Joseph A. Slamm, for $3,000, for one year, on a hotel owned by him. On the fourth of September, 1848, Slamm, by a deed absolute on its face, conveyed the hotel to the plaintiff, Hodges. The conveyance was intended as security for a loan made by the plaintiff to Slamm, but such intention was not manifested by any writing. At the same time, Slamm assigned the policy of insurance to Hodges " as collateral security," and the assent of the defendants was given to such assignment. The hotel was destroyed by fire, and this suit was brought to recover the loss.

It was insisted, on behalf of the defendants, that Slamm, having conveyed the insured premises by an absolute deed, had ceased to have an insurable interest, and the policy had therefore become void. That he retained no equity of redemption in the property, as he could not be permitted, on a bill filed to redeem, to show by parol evidence that the deed was intended as a mortgage.

*Held,* that Slamm had an insurable interest, notwithstanding the conveyance; that parol evidence was competent in equity to show that a deed absolute on its face was intended as a mortgage.

The judge, on the trial, allowed the plaintiff to amend the complaint, by adding to the allegation that Slamm had conveyed the property to him, a statement that such conveyance was intended as security for his indebtedness. Exception was taken to this; but it was held to be a matter of discretion, and not subject to review by the Court of Appeals.

(S. C., 8 N. Y. 416.)