ALLEN & WATERMAN *vs.* THE HUDSON RIVER MUTUAL INSURANCE COMPANY.

It was not the intention of the legislature, by the 16th section of the act of April 10, 1849, providing for the incorporation of insurance companies, which authorizes suits to be brought against such companies, by any member or stockholder, for losses, if payment is withheld more than two months after such losses "shall have become *due*," to extend the credit to which the insurers are entitled, for the period of two months beyond that for which they have stipulated by the terms of the contract.

A loss becomes *due* when the property insured is destroyed, or at farthest, when the requisite proofs of loss are furnished. It is then a debt, *debitum in præsenti, solvendum in futuro.*

And were it not for the statute, or a provision in the policy fixing a later period as the time of payment, a suit might be commenced at once.

The only effect of the provision in the statute is to fix the time within which a loss shall be payable, when the parties have omitted to do so by the terms of their contract.

A debtor who has made an assignment of his property in trust for the benefit of creditors is a competent witness in an action by a person to whom he has assigned a policy of insurance, to secure a debt or liability.

Nor is any notice of the plaintiff's intention to examine the assignor as a witness, necessary.

Parol evidence is admissible, to show the purpose for which a policy of insurance was assigned.

By a condition annexed to a policy of insurance it was declared that in case an *incumbrance* should fall or be executed upon the insured property, sufficient to reduce the real interest of the insured in the same to a sum only equal to,

or below, the amount insured, without the consent of the insurers, then and in that case the policy should be void. *Held* that a mortgage executed to the plaintiffs to secure them against their liability as accommodation indorsers of the insured, was not a violation of this condition, and did not avoid the policy.

After a policy of insurance has been assigned, with the knowledge and assent of the insurers, it is no longer in the power of the assignor to do any thing to impair its validity in the hands of the assignee.

Thus where a policy provides that in cases any other insurance upon the property shall be effected, notice thereof shall be given to the insurers, or the policy shall cease and be of no further effect, and the policy is afterwards assigned to another, with the assent of the insurers; and then another insurance is made by the assignor, who omits to give notice thereof to the original insurers until after a loss occurs, this omission will not discharge the first insurers from their obligation upon the policy.

APPEAL from a judgment entered on the report of a referee. The action was brought upon a policy of insurance executed by the defendants, on the first day of November, 1850, whereby the defendants agreed to insure Lewis Fellows and George Corps against loss by fire, to the amount of $3000 upon certain personal property described in the application for such insurance. The policy, on the 27th of February, 1851, was assigned to the plaintiffs. The defendants gave their assent to the assignment. On the 5th of July following, the property insured was destroyed by fire. Its value exceeded $3000. Notice of the loss was given, and, on the 24th of July, the preliminary proofs were delivered to the defendants. On the 27th of February, 1851, Fellows and Corps also executed and delivered to the plaintiffs a chattel mortgage upon the property insured, to secure the payment of $2500, payable on demand. The mortgage was, in fact, intended to secure the plaintiffs against their liability as accommodation indorsers for the mortgagors.

Upon the trial, Lewis Fellows was called as a witness for the plaintiffs. He was objected to, on the ground that he was an assignor, and a real party in interest, and also because no notice of his examination as a witness had been given. It was admitted that, besides the assignment of the policy to the plaintiffs, the witness had executed a general assignment to trustees for the benefit of creditors. The objections were overruled and the

witness was sworn and examined. The policy, upon which this action was brought, and several policies upon the same property having been produced, the witness was asked for what these policies were assigned to the plaintiffs. The question was objected to, on the ground that the assignments must speak for themselves, and could not be contradicted by parol. The objection was overruled, and the defendants' counsel excepted to the decision. The witness then stated that the policies were assigned for the same purpose for which the mortgage was given, which was to secure the plaintiffs for their indorsements.

The other facts in the case, so far as they are material to the questions decided, appear in the opinion of the court. The referee reported in favor of the plaintiffs for $2992.15, upon which report judgment was perfected, and the defendants appealed.

*W. A. Beach,* for the plaintiffs.

*H. W. Merrill,* for the defendants.

*By the Court,* HARRIS, J. It was insisted upon the trial that the action had been commenced prematurely. The preliminary proofs were delivered on the 24th of July. The suit was brought on the 10th of November, in the same year. By the terms of the policy, the loss was to be paid within sixty days after notice and proof thereof made by the assured, in conformity to the conditions annexed to the policy. The loss became due immediately upon the happening of the fire, and would have been *payable* at once, but for this provision in the policy. By the 16th section of the general insurance act, under which the defendants were incorporated, (*Sess. Laws* 1849, *p.* 448,) suits at law may be prosecuted for losses, if payment is withheld more than two months after such losses shall have become due. The defendants insist that the effect of this provision of the statute is, to extend the credit to which they are entitled, for the period of two months beyond that for which they had stipulated by the terms of their contract. But I do not so construe the statute.

*Allen v. Hudson River Mutual Insurance Company.*

The loss became due when the property was destroyed, or at any rate, when the requisite proofs were furnished. Without the statute, and had there been no stipulation in the contract to prevent it, a suit might have been commenced at once. But though due when the proofs were delivered, the statute had the effect to postpone the time of payment two months. It was then a debt *debitum in præsenti, solvendum in futuro.* The defendants, without reference to the provision of the statute, saw fit to stipulate in their contract for a similar credit. Had they agreed to pay in *ten* or *thirty* days after proof of loss, they might have been sued at the expiration of this period, notwithstanding the provision of the statute. The only effect of that provision is, to fix the time within which the loss should be payable when the parties have omitted to do so by the terms of their contract.(*a.*)

The competency of Fellows as a witness, has been substantially determined in the case of *Allen* v. *The Franklin Fire Insurance Company,* just decided. It was there held that one who had made an assignment for the benefit of creditors, was a competent witness in an action by the assignee. In this case, the assignment was made to the plaintiffs to indemnify them against their liabilities as indorsers for the assignors. But it also appears that, subsequently, the assignors had made a general assignment for the benefit of their creditors, thus bringing the case within the principle of *Allen* v. *The Franklin Fire Insurance Co.* It becomes unnecessary, therefore, to inquire whether, when an assignment is made merely to secure a debt or liability, the assignor is to be regarded as the party for whose immediate benefit the action is prosecuted. It is enough that by means of his general assignment to trustees, for the benefit of his creditors, he was rendered competent. Nor was any notice of the intention of the plaintiffs to examine their assignor as a witness necessary. This was also decided in the case just cited. The defendants are to be presumed to know that the assignor was a competent witness, and being themselves parties to the contract, that he might be called to testify against

(*a*) See the Utica Ins. Co. *v.* The American Mutual Ins. Co., 16 Barb. 171.

them.   There is no more reason why they should be notified that he would be so called than in the case of any other material witness.

Nor was it error to allow the witness to state the purpose for which the securities were given to the plaintiffs.   Such evidence has always been deemed admissible.   (*See Truscott* v. *King,* 2 *Selden,* 147.)

By a condition annexed to the policy, it was declared that in case " an *incumbrance* should fall or be executed upon the property insured, sufficient to reduce the real interest of the insured in the same to a sum only equal to or below the amount insured, and the insured should neglect or fail to obtain the consent of the company thereto, then and in that case, the policy should be void."   The defendants insist that the mortgage executed by the insured to the plaintiffs, in February, 1851, was a violation of this condition, and avoided the policy.   But, assuming that such a mortgage may be an incumbrance, within the meaning of the condition, which, I think, may well be doubted, I am unable to see how the real interest of the insured in the property incumbered, has been reduced by means of the mortgage.   If we are to regard the parties named in the policy *as the insured,* they still remained the owners of the property, and had the same insurable interest, after the execution of the mortgage, as before.   The only effect of the mortgage was, to enable the mortgagees, instead of the mortgagors, to dispose of the property, and apply the proceeds to the payment of the debts of the mortgagors.   When this should be done by either, the liability of the defendants upon the policy would be discharged.   Until this should be done, the insurable interest of the mortgagors would remain undiminished.   On the other hand, regarding the plaintiffs, who became at the time the mortgage was executed, the holders of the policy, as the parties insured, it cannot be pretended that their interest in the property was diminished.   The policy was assigned with the consent of the defendants.   The assignment was made, and the mortgage executed for the same purpose.   Both contemplated the plaintiffs' indemnity.   The one or the other would be available, as the property should or

Allen *v.* Hudson River Mutual Insurance Company.

should not be destroyed by fire. Upon this state of facts, I do not see how the validity of the policy can be affected by the condition relating to incumbrances.

One other ground of error, relied upon by the defendants, remains to be considered. About the first of July, 1851, the owners of the property effected a further insurance thereon, of $2000, in the Columbian Insurance Company. Notice of this insurance was given to the defendants on the 7th of the same month. By the terms of the policy it was provided, that if the insured or his assigns, should make any other insurance upon the property, and should not with all reasonable diligence give notice thereof to the defendants, and have the same indorsed on the policy, or otherwise acknowledged in writing, the policy should cease and be of no further effect. It is insisted by the defendants that the insurance in the Columbian Insurance Company, and the omission to give notice of such insurance, until after the fire, discharged them from further obligation upon their policy. I am inclined to think this objection would have been well founded, had the policy remained in the hands of the parties originally insured. But, it having been assigned to the plaintiffs before the last insurance was effected, and that too, with the knowledge and assent of the defendants, it was no longer in the power of the assignors to do any thing to impair the validity of the policy in the hands of their assignees. (*See Traders' Insurance Company* v. *Robert,* 9 *Wend.* 404. *Tillou* v. *The Kingston Mutual Ins. Co.* 1 *Selden,* 405.) I am of opinion that the judgment should be affirmed.

[ALBANY GENERAL TERM, February 6, 1854. *Wright, Harris* and *Watson,* Justices.]