## VAN VALKENBURGH vs. STUPPLEBEEN.

In an action upon a promissory note, brought by a person who is not a *bona fide* holder thereof, he having assumed no liability nor parted with any thing as a consideration for the delivery of the note to him, any defense which could have been interposed by the defendant to the note in the hands of the payee, is available to such defendant.

Under the provision of the Code allowing a defendant to plead and sustain by evidence any defense, legal or equitable, which he may have, the defendant in such an action may set up as a defense, and prove, a verbal agreement accompanying and qualifying the delivery of the note, in connection with a subsequent surrender of property to, and acceptance thereof, by the payee, upon which a surrender of the note, while in the hands of the payee, would have been compelled, in equity, before the Code.

Otherwise, if the note had been transferred, before maturity, to a *bona fide* holder.

THIS is an appeal by the plaintiff from a judgment rendered in favor of the defendant for costs. The action was tried at the Columbia circuit, April 13, 1864.

*R. E. Andrews,* for the appellant.

*C. P. Collier,* for the respondent.

*By the Court,* INGALLS, J.   The action is upon a promissory note executed by the defendant to one Michael A. Emerick and by him delivered to the plaintiff to secure him as indorser upon a note for the benefit of said Emerick, which indorsement was made prior to the execution of the note in question. The defendant interposed, as a defense to the note, that at the time of its execution there was a verbal agreement between the defendant and Emerick, in substance, that Emerick should transfer to the defendant certain property, for which the defendant was to execute promissory notes, and in case Emerick was successful in settling the affairs of one Leggett who had previously failed, and assigned to Emerick who was surety for said Leggett, then the said Emerick was to receive

back the said property from the defendant and surrender to him the notes which the defendant executed therefor. Evidence was produced upon the trial from which the jury were at liberty to find such agreement, and that such property was surrendered to Emerick by the defendant in accordance with said agreement. The court charged the jury in substance, that if they were satisfied from the evidence that such agreement was made at the time the note was executed, and annexed to the delivery thereof, and the property was surrendered to Emerick in accordance with such agreement, the defendant was entitled to their verdict; otherwise the plaintiff was entitled to recover. It is very clear that the plaintiff was not a *bona fide* holder of the note in question, as he assumed no liability, nor parted with any thing, as a consideration for the delivery of the note to him. And consequently any defense which could have been interposed by the defendant to the note in the hands of Emerick, growing out of the said transaction, was available to the defendant in said action. In *The N. Y. Exchange Co.* v. *De Wolf,* (31 *N. Y. Rep.* 273-284,) Davies, J. remarks : " The defendant can therefore avail himself of every defense which he could have done if the suit had been in the name of and for the benefit of the Atlas Mutual Insurance Company." (*See also Prentiss* v. *Graves,* 33 *Barb.* 622.) In an action at law, prior to the Code, this defense would not probably have been available to the defendant ; but the Code has introduced a new system, by which a defendant may plead and sustain by evidence any defense legal, or equitable, which he has to the cause of action of the plaintiff. (*Code,* § 150, *subd.* 2.) " The defendant may set forth by answer as many defenses, and counter-claims as he may have, whether they be such as have been denominated legal or equitable, or both." If therefore the verbal agreement which accompanied the note, taken in connection with the subsequent surrender of the property to Emerick, and the acceptance thereof by him, constituted a cause of action in favor of the defendant, by

which a surrender of the note in question in the hands of Emerick would have been compelled, in equity, before the Code, I do not perceive why such defense is not available by way of answer, in this action, under the provision of the Code which has been referred to. We think it can hardly admit of a doubt but that a court of equity, under such a state of facts, would decree a surrender of the note in question by Emerick, if it was in his possession, and we have seen that the present plaintiff occupies a no more favored position. If then the defense is allowable, *the evidence offered to support it was also admissible.* In *Despard* v. *Walbridge*, (15 *N. Y. Rep.* 378,) Selden, J. says : " The only question therefore on this subject is whether the equity rule is applicable to the present case, which is purely a legal action. As, however, since the enactment of the Code of Procedure, a defendant may avail himself of an equitable as well as a legal defense in all cases, whatever may be the nature of the action, there would seem to be but little room for doubt upon the point. That a deed absolute on its face was intended as a mortgage would before the Code have been an equitable defense, *because it could not have been proved at law.* In order that it should now be made available in legal actions as provided by the Code, *the evidence to establish it must be admitted in that class of actions."* (*See also Hodges* v. *Tennessee M. Ins. Co.,* 8 *N. Y. Rep.* 416 ; *Allen* v. *H. R. M. Ins. Co.,* 19 *Barb.* 442 ; *Nichols* v. *Smith,* 42 *id.* 382 ; *Sawyer* v. *Chambers,* 44 *id.* 42.) The note in question was not delivered unconditionally by the defendant, but on the contrary, such delivery was qualified by the parol agreement which accompanied it, and formed a part of the transaction, and the surrender of the property which was the condition upon which the surrender of the note was to depend, has actually occurred. The court would hardly allow Emerick to retain the note after he had accepted the return of the property which was the only consideration upon which the note was executed. The delivery of the

---

note to Emerick, under the circumstances, may be regarded somewhat in the character of a pledge. If the note had been transferred before maturity, to a *bona fide* holder, the defense would not have been available to the defendant, but against this plaintiff it can be asserted. We are therefore of opinion that no error was committed by the court, and the judgment should be affirmed, with costs.

[ALBANY GENERAL TERM, May 6, 1867. *Peckham, Ingalls* and *Hogeboom,* Justices.]