Per Curiam.
The learned counsel for appellant in support of the exception to the ruling, excluding the evidence offered, took the ground that a deed although in form an absolute conveyance, yet in fact intended and given only as a security for a debt, is a mortgage. This is not formally or strictly correct. The instrument of conveyance in its own nature is, and cannot but be what it purports to be, namely, a conveyance. The written defeasance, dehors the conveyance, or the oral arrangement in the nature of a defeasance, coupled with the conveyance make the mortgage, but the defeasance does not vary the terms of the conveyance. In Horn v. Ketaltas (46 N. Y. 610), the opinion says : “Therule does not conflict with that other rule which forbids that a deed or other instrument shall be contradicted or varied by parol evidence.” It has never been doubted that the case of Webb v. Rice (1 Hill, 606), declared the law of this state that “ oral evidence is not admissible in a court of law to show that a deed absolute on its face was intended as a mortgage.” It was only in courts of equity, that such evidence was admitted for such a purpose. Courts of equity did not attempt to destroy or vary the legal right, excepting that enforcing equitable obligations they proceeded to compel the defendant to use the legal right in an equitable way. Through the conveyance, the grantee, as mortgagee, held the legal title, or he held nothing, but equitably he was bound to use that legal title only for the payment of the debt, and beyond this to hold it for the use of the grantor or mortgagor. Any other use would be fraudulent and inequitable.
In Strong v. Stewart (4 Johns. Ch. 166), the chancellor decreed that the plaintiff had a right to redeem “on the strength of the authorities, and on the proof of the loan, and of the fraud on the part of the defendants in attempting to convert a mortgage into an absolute sale.” *254 The authorities that were cited went on the ground that equitable obligations were to be enforced and fraud prevented. They were not all cases of absolute conveyances, with oral proof that they were intended as security for indebtedness. In Cotterell v. Purchase (Cases Temp. Talbot, 63), the chancellor said, “they who take a conveyance of an estate as a mortgage, without any defeasance are guilty of a fraud,” meaning no doubt, that it was a fraud to claim an absolute estate. In Maxwell v. Mountacute (Pre. in Ch. [Finch] 526), “So when a man treated to lend money on a mortgage and the conveyance proposed was an absolute deed from the mortgagor and a deed of defeasance from the mortgagee, and after the mortgagee had got the conveyance, he refused to execute the defeasance, yet my Lord Nottingham decreed it against him, on the fraud after the statute.” In Walker v. Walker (2 Atk. 98), it was decided that the defendant may be admitted to read parol evidence to rebut an equity set up by the bill. It was said, 1 ‘ Suppose a person who advances money should, after he has executed,” meaning received, “the absolute conveyance, refuse to execute the defeasance, will not this court relieve against such fraud?” In Young v. Paacky (2 Atk. 256), “there have been many cases even since the statute of frauds, where a person has obtained an absolute conveyance from another, in order to answer one particular purpose, but has afterwards made a use of it for another, that this court has relieved under the head of fraud, for a practice of this sort is a deceit and fraud, which this court ought to reheve against.” A large mass of authorities is given in Wh. & Tudor’s L. Cas. Eq. vol. 2, 1986, to support the proposition that 1 ‘ such evidence does not contradict the instrument or prevent it from passing the legal title, but simply establishes the existence of a superior equity which the grantee is not at liberty to disregard.”
It will follow, then, that the legal title to the house insured did pass from Sleight to Moloughney, and again from Moloughney to Corwin. A change took place in *255 the title, although Moloughney and Corwin may have been equitably bound to use that title only as security for the payment of debts. The policy became void, as its terms provided it should, if there were any change in the title. It does not seem that Hodge v. Tennessee M. & F. Ins. Co. (8 N. Y. 416) calls for a different conclusion. The question of the case was, in the opinion of the court, whether the person originally insured had, at the time he assigned the policy to the plaintiff, an insurable interest. Contemporaneously with the assignment of the policy, the assignor conveyed to the plaintiff the insured premises by a deed, absolute upon its face. It was assumed that if this deed carried with it all the assignor’s interest in the premises, the policy fell. The court of appeals allowed the plaintiff to show by oral evidence that the conveyance was intended to be security for a debt to the plaintiff, and held that then it appeared that there remained in the assignee some interest in the property. It is consistent with this that the title had changed, but because the plaintiff’s right to use that title was of a limited kind, the assignor had the interest outside of that limited use. The policy "did not provide that it should be void upon a mere change of the title. •
Judgment affirmed, with costs.