ELLEN MATTHEWS, administratrix, etc., Respondent, *v.*
WILLIAM F. SHEEHAN, Appellant.

An assignment of a policy of life insurance, absolute on its face, may be
shown by parol to have been given simply as security.

Plaintiff's testator, O. K., procured a policy upon his life and assigned the
same to defendant under an oral agreement that defendant was to pay
the premiums and have the benefits of the policy, O. K., however, to
have the privilege of redeeming at any time by paying the premiums
advanced by defendant with interest.  O. K. thereafter offered to pay
the amount so advanced, which defendant refused to accept.  After
O. K.'s death, defendant received the amount of the insurance.

In an action to recover the same, *held,* that an absolute promise on the
part of O. K. to pay the advances was not essential in order to give the
transaction the character of a mortgage, and that plaintiff was entitled
to recover the amount, less the advances made by defendant with
interest.

In doubtful cases, a contract will be construed as a mortgage, instead of
as a conditional sale.

(Argued April 23, 1877; decided May 22, 1877.)

APPEAL from judgment of the General Term of the
Supreme Court in the third judicial department affirming a
judgment in favor of plaintiff entered upon a verdict.

This action was brought by plaintiff, as administratrix
with the will annexed, of Dennis O'Keefe, deceased, to

recover moneys alleged to have been collected by defendant upon a policy of insurance issued upon the life of said O'Keefe, and assigned by him to defendant as security for advances made by the latter.

The facts appear sufficiently in the opinion.

*N. C. Moak*, for the appellant. The policy and assignment having been delivered together as a part of the same scheme, are to be read together as if they were one instrument. (2 Pars. on Con. [6th Ed.], 503, note 4; *Van Vliet* v. *Slauson*, 45 Barb., 317, 323; *Church* v. *Brown*, 21 N. Y., 319; *Hamilton* v. *Taylor*, 18 id., 358, 361; *Rub. Tip Pencil Co.* v. *Hovey*, 9 Abb. [N. S.], 74; *Cornell* v. *Todd*, 2 Den., 133; *Van Hagen* v. *Van Rensselaer*, 18 J. R., 420; *Sawyer* v. *Hammatt*, 15 Me., 40; *Adams* v. *Hill*, 16 id., 215.) There was nothing corrupt or illegal in defendant's insurance of O'Keefe's life. (*Martin* v. *Frank. Ins. Co.*, 38 N. J. L. R., 141; *France* v. *Ætna Ins. Co.*, 2 Ins. L. J., 657; May on Ins., §§ 7, 8, 102–110, 477, note; Bunyan Life Assurance [2d ed.], 8–10; *Dalby* v. *India, etc.*, 15 C. B., 365, 387, 394; *Goodsall* v. *Bolden*, 9 East, 72; *British Ins. Co.* v. *Magee*, C. & A. [2 Exch. Ch.], 182; *Worthington* v. *Curtis*, L. R. [1 Ch. Div.], 419.) A conditional sale was established in this case. (*Brown* v. *Dewey*, 2 Barb., 28; *Saxton* v. *Hitchcock*, 47 id., 220; *Baker* v. *Thrasher*, 4 Den., 93; *Whitney* v. *Townsend*, 2 Lans., 249; *Rapson* v. *Hersee*, 16 Grant Ch. [U. C.], 685; *Mun* v. *Watson*, 8 id., 60, 71; *Hill* v. *Grant*, 46 N. Y., 496; *Fullerton* v. *McCurdy*, 55 id., 637; *Lee* v. *Kilburn*, 3 Gray, 594; *Moore* v. *Sibbald*, 29 U. C. [Q. B.] 487; *Williams* v. *Owen*, 5 M. & C., 308; *Perry* v. *Meddowcrat*, 4 Beav., 197; *Davis* v. *Thomas*, 1 R. & M., 506; *Monk* v. *Keyle*, 17 Grant Ch. [U. C.], 537; *Ensworth* v. *Griffith*, 5 Brown P. C. [Towl. Ed.], 184; *Alderson* v. *White*, 4 Jur. [N. S.], 125; *Tapley* v. *Sheather*, 8 id., 1163; *Gossip* v. *Wright*, 9 id., 592; *Shaw* v. *Jeffry*, 13 M. P. C. C., 432; *Howland* v. *Stewart*, 2 Grant Ch. [U. C.], 61; *Daniels* v. *Johnson*, 24 Mich., 430; *Page* v. *Vilhoe*, 42 Cal., 75; *Haines*

v. *Thompson*, 70 Penn. St., 434; *Payne* v. *Patterson*, 77 id., 134; *Spence* v. *Steadman*, 49 Ga., 133.) If the transaction was a conditional sale, the agreement to sell the policy to O'Keefe was void under the statute of frauds. (2 R. S., 136, § 3, 2 Edm., 140; *People* v. *Beebe*, 1 Barb., 379; *Johnson* v. *Mulry*, 4 Robt., 401–403; *Payne* v. *Patterson*, 77 Penn. St., 134; *Walker* v. *Supple*, 54 Ga., 178; *Hagar* v. *King*, 38 Barb., 200; *Smith* v. *Bouck*, 33 Wis., 19; *Van Alstyne* v. *Wemple*, 5 Cow., 162–165.) There was no such part performance or fraud as to require or justify an enforcement of a contract to transfer the policy to O'Keefe. (Browne on Stat. of Frauds, §§ 448, 451; *Baldwin* v. *Palmer*, 10 N. Y., 234; *Wheeler* v. *Frankenthal*, 78 Ill., 126; *Hawley* v. *Keeler*, 53 N. Y., 120; *Wilson* v. *McDowell*, 78 Ill., 578; 2 Story's Eq. Jur., §§ 761, 762; *Phillips* v. *Thompson*, 1 J. Ch., 131; *Byrne* v. *Romaine*, 3 Edw., 445; *Jarvis* v. *Smith*, Hoff., 470; *Wolfe* v. *Frost*, 4 Sandf. Ch., 72; *Ding* v. *Parker*, 52 N. Y., 494; *Weir* v. *Hill*, 2 Lans., 281–282; *Bartlett* v. *Wheeler*, 44 Barb., 162; *Lockwood* v. *Barnes*, 3 Hill, 128; *Broadwell* v. *Getman*, 2 Den., 87; *Dodge* v. *Crandall*, 30 N. Y., 294; *Taylor* v. *Knowles*, 30 U. S. (Q. B.), 200; *Johnston* v. *Cowan*, 25 id., 470, 475; *Oddy* v. *James*, 48 N. Y., 685; *Baldwin* v. *Palmer*, 10 id., 232; *Cagger* v. *Lansing*, 43 id., 550; *Levy* v. *Brush*, 45 id., 589; *Gallagher* v. *Brumel*, 6 Cow., 346; *Munro* v. *Watson*, 8 Grant Ch. [U. C.], 71; *Hayes* v. *Burhan*, 51 Ind., 130; *Beaver* v. *Prest., etc.*, 34 id., 245; *Fonty* v. *Fonty*, id., 433; *Prest., etc.*, v. *Hamilton*, id., 287; *Sands* v. *Thompson*, 43 id., 27; *Chuan* v. *Cooke*, 1 S. & L., 22, 41.) Plaintiff cannot recover on the ground that defendant received and held the policy in trust. (*Wheeler* v. *Reynolds*, MS. Op. Com. of Apps.; *Sturtevant* v. *Sturtevant*, 20 N. Y., 39; *Brown* v. *Lynch*, 1 Paige, 147; *Cox* v. *Cox*, 5 Rich. Eq. [S. C.], 365; *Reek* v. *Purvis*, 4 Dess., 114; *Peebles* v. *Reading*, 8 S. & R., 492; *Trapnall* v. *Brown*, 19 Ark., 49; *Truck* v. *Burnham*, 3 Sumn., 435; 2 Story's Eq. Jur., § 1201*a*; *Kellum* v. *Smith*, 33 Penn. St., 158; *Brown* v. *Dysinger*, 1 Rawle, 408; 2

Wash. on R. P., 444; *Lathrop* v. *Hoyt*, 7 Barb., 59; *Loomis* v. *Loomis*, 60 id., 22; *Barnard* v. *Jewett*, 97 Mass., 87; *Taylor* v. *Boardman*, 24 Mich., 287; *Waterman* v. *Seeley*, 28 id., 77; *Dollar S'v'gs Bk.*, 76 Penn. St., 402; *Kestler's Appeal*, 73 id., 392; *Rogers* v. *Simmons*, 55 Ill., 76; *Walter* v. *Clock*, id., 362; *Walker* v. *Hill*, 22 N. J. Eq., 513, 519; *Merritt* v. *Brown*, 21 id., 401; *Randall* v. *Howard*, 2 Black, 585.) Parol evidence was not admissible to add to or vary the contract between O'Keefe and defendant. (*Hunt* v. *Rousmanier*, 1 Pet., 1, 10, 11; *Loomis* v. *Loomis*, 60 Barb., 22; *Gilbert* v. *Gilbert*, 9 id., 532; *Howland* v. *Stewart*, 2 Grant Ch. [U. C.], 65.) There was no mutuality in the contract as to O'Keefe's purchasing the policy, and it was therefore not binding on defendant. (*De Beerski* v. *Paige*, 47 Barb., 172; 36 N. Y., 537; *Utica, etc.,* v. *Brinckerhoff*, 21 Wend., 139; *De Zeng* v. *Bailey*, 9 id., 336; *Walker* v. *Gilbert*, 2 Rob., 223; *Sykes* v. *Dixon*, 9 Ad. & El., 693, 36; E. C. L., 366.)

*Esek Cowen*, for the respondent. The contract between O'Keefe and defendant was a mortgage of the policy and not a conditional sale. (*Glover* v. *Payn*, 19 Wend., 521; *Horn* v. *Keteltas*, 42 How., 138; *Clark* v. *Henry*, 2 Cow., 327; *Murray* v. *Walker*, 31 N. Y., 401; *Valton* v. *Nat. Fund L. Ins. Co.*, 20 id., 283; *Rawles* v. *Am. L. Ins. Co.*, 27 id., 283.) The existence of the assignment was no objection to proving the entire parol agreement. (*Hutchins* v. *Hibbard*, 34 N. Y., 24.) There was such a partial performance as took the contract out of the statute of frauds. (*Ryan* v. *Dox*, 34 N. Y., 307; *Brown* v. *Lynch*, 1 Paige, 147.)

EARL, J. In December, 1869, an arrangement was made between the plaintiff's testator, O'Keefe, and the defendant, whereby O'Keefe was to procure a policy of insurance on his life from the Phœnix Life Insurance Company, and assign it to the defendant, who was to pay the premiums and have the benefit of the policy, with the understanding that, if at

any time O'Keefe desired to redeem the policy, he could do so by paying the premiums advanced by defendant, with the interest thereon. In pursuance of this arrangement, O'Keefe procured the company to issue a policy on his life, which was immediately assigned to the defendant by an assignment absolute in form, and he paid all the premiums to the time of O'Keefe's death in 1874. Before that time, O'Keefe, for the purpose of redeeming the policy, offered to pay the defendant the amount advanced by him for premiums, and defendant refused to take the money. After the death of O'Keefe, the defendant received from the insurance company the amount insured, and retained the same, refusing, upon plaintiff's demand, to pay any portion thereof to her. This action was brought to recover the sum received by the defendant, less the amount for which he held the policy as security. Upon the trial, the facts above stated appearing, and there being no conflicting evidence, the court directed a verdict for the plaintiff.

The verdict was properly directed. Upon the undisputed evidence, O'Keefe had the option to treat the policy as a security for the premiums paid by the defendant, and to redeem the same. While O'Keefe was not bound to redeem, or personally liable for the money advanced by the defendant, there was sufficient consideration for the arrangement made. O'Keefe submitted to examination, procured his life to be insured, and assigned the policy to the defendant in consideration that the defendant would pay the premiums, and give him the option to redeem. The substance and legal effect of the transaction was to make the defendant a mortgagee of the policy to secure him for the premiums paid, and he could not claim an absolute title thereto, except upon O'Keefe's failure to exercise his option to redeem. This was not simply an agreement by the defendant to sell to O'Keefe, upon payment by him of the amount of the premiums advanced with interest, a policy absolutely belonging to the defendant, an agreement void under the statute of frauds; because there was no writing or part payment. It

was an agreement that the defendant might take and hold the policy as security and the right to redeem attended the policy into the defendant's hands, and at all times affected his title. Such an agreement may be shown by parol, although the assignment be absolute in form. (*Hodge* v. *The T. M. and T. Fire Ins. Co.*, 8 N. Y., 416; *Despard* v. *Walbridge*, 15 N. Y., 374; *Horn* v. *Keteltas*, 46 N. Y., 605; *Hope* v. *Balou*, 58 N. Y., 380.)

It matters not that O'Keefe did not absolutely promise to pay the amount which defendant should advance for the premiums. To constitute a valid mortgage, it is not essential that the mortgagee should have any other remedy but that upon his mortgage. This is recognized by the Revised Statutes in reference to real estate morgages (1 R. S. 739), which provide that when there shall be no express covenant in the mortgage for the payment of the money received, and no bond or other separate instrument to secure such payment, the remedies of the mortgagee shall be confined to the lands mentioned in the mortgage. In all cases the remedy of the mortgagee may by the agreement of the parties be confined to the mortgage.

It is sometimes difficult to determine whether a transaction constitutes a mortgage or an absolute sale and a conditional resale; and whether it shall be construed to be one or the other depends upon the intention of the parties as evidenced by the instrument executed, and all the circumstances of the case. No general rule upon the subject can be laid down which will govern all cases, although it is said that the fact that there was no debt which could be personally enforced is a strong, but not an absolutely controlling circumstance, that the transaction was not a mortgage, but a sale and a conditional resale. In all doubtful cases a contract will be construed to be a mortgage rather than a conditional sale, because in the case of a mortgage the mortgagor, although he has not strictly complied with the terms of the mortgage, still has his right of redemption; while in the case of a conditional sale, without strict compliance, the rights of the con-

ditional purchaser are forfeited. (*Longuet* v. *Scawen*, 1 Ves. Sen., 402; *Glover* v. *Payn*, 19 Wend., 578; *Conway's Exrs.* v. *Alexander*, 7 Cranch, 218; *Edrington* v. *Harper*, 3 J. J. Marshall, 354; *Floyer* v. *Lavington*, 1 P. Wms., 268; *Chapman's Admin'x* v. *Turner*, 1 Colls. R , 280; *Wharf* v. *Howell*, 5 Binney, 499.) In *Floyer* v. *Lavington*, it is said: "As to the objection that here was no covenant for the payment of the principal or interest, that was not material; the same not being necessary for the making of a mortgage, nor yet necessary, that the right should be mutual, viz: for the mortgagee to compel the payment as well as for the mortgagor to compel a redemption; since such conveyance as in the present case, though without any covenant or bond for the payment of the money, would yet be plainly a mortgage." In *Brown* v. *Dewey* (1 Sandf. Chy. R., 56), it was held that "the absence of the personal liability of the grantor to repay the money is not a conclusive test in deciding whether the conveyance is absolute or is intended as a security." In *Holmes* v. *Grant* (8 Paige, 243, 257), DENIO, V. C., says: "It is not essential that the personal remedy against the mortgagor should be preserved. There is a debt *quoad* the redemption, but not in respect to the personal remedy." In *Flagg* v. *Mann* (14 Pick., 467), PUTNAM, J., says: " There was no collateral undertaking on the part of Luther (the grantor) to pay the money which Walker and Fisher (grantees) should advance in the five years; so there was no mutuality. And this fact, though not conclusive, is to be taken into consideration in ascertaining whether the transaction was a mortgage or a sale, with a contract for a repurchase upon strict terms." (See also *Rice* v. *Rice*, 4 Pick.. 349.) In *Kerr* v. *Gilmore* (6 Watts, 405), KENNEDY, J., says: " The want of a personal security for the repayment of the money has, taken in connection with other circumstances, been regarded as tending to show that a defeasible purchase and not a mortgage was intended, but this circumstance alone has never been held sufficient to prevent a redemption." Again, "that the mortgagee should have a rem-

edy against the person of the morgagor also, in order to make the conveyance a mortgage, is more than I can assent to."

In *Brown* v. *Dewey* (2 Barb., 28), the Supreme Court had under review the decision of the Vice Chancellor, whose opinion is reported 1 Sandf. Chy. R., 56, and his decree was reversed, not upon the law but upon the facts. The court was very much influenced by the consideration that to hold the contract there to be a mortgage, would render it void for usury. HARRIS, J., says: "Although it is true that courts of equity lean strongly in favor of the right of redemption, and for this reason in doubtful cases contracts of this description have frequently been construed as mortgages rather than conditional sales, yet when the aid of the court is sought, not to establish a right of redemption, but to have a conveyance declared a mortgage for the purpose of avoiding it on the ground of usury, the reason why in doubtful cases the court should incline to hold the conveyance to be a mortgage seems to fail. On the contrary, it seems to me that before giving to a transaction a construction which should have the effect to create a forfeiture of the security, a court of equity ought to be well satisfied that such construction does no violence to the intention of the parties themselves. It is the right of redemption in favor of which the court leans in doubtful cases, and not the right to have the security avoided on the ground of usury." He further says: " I do not say that either of these circumstances (among them being the one that the grantee could not enforce payment of the money against the grantor personally) is to be regarded as a decisive test upon the question whether a transaction, doubtful in its character, is to be regarded as a mortgage or a conditional sale. On the contrary, I admit that neither adequacy of price nor the want of an obligation to repay the money, nor even both circumstances combined, are to be held as conclusive evidence that a conditional sale and not a mortgage was intended. Both, however, are important circumstances in determining the question." In *Horn* v. *Ketaltas* (*supra*), ALLEN, J., says that the

circumstance that there was no agreement to pay the money secured, is one entitled to considerable weight in determining whether a conveyance was intended as a mortgage, but that it is only one of the circumstances to be considered and not conclusive; and Ch. J. Marshall, in *Conway's exrs.*, v. *Alexander* (7 Cranch, 218), says: "The want of a covenant to repay the money is not complete evidence that a conditional sale was intended, but is a circumstance of no inconsiderable importance."

It is clear therefore both upon principle and authority that the circumstance that O'Keefe was not personally obligated to pay to the defendant the amount of the premiums which he should advance is not absolutely controlling upon the question whether here was a mortgage or a sale and a conditional resale. It is an important circumstance in such cases and in the conflict of evidence not unfrequently a controlling one. There are many cases, some of which are cited by the learned counsel for the appellant, in which it has been held to be not as matter of law conclusive, but as matter of fact decisive. If we should hold this to be a case of conditional resale, and that the consequence follows which has been so learnedly argued on behalf of the defendant that the agreement is void under the statute of frauds, the intention of the parties would be defeated. This is therefore a case where the court should lean to hold the transaction to constitute a mortgage, thus giving what was clearly intended, the right of redemption.

There was nothing said about a re-purchase or a re-sale, or a re-assignment, but the right to redeem was expressly stipulated. The language used shows that the parties intended that the policy should be held as security for the premiums paid. Such a construction is at least as admissible as any other, and hence the court did not err in directing a verdict for the plaintiff.

I have treated the transaction as a mortgage, but it is unimportant to determine whether it was a mortgage or a pledge, as the same course of reasoning would apply and the

same consequences would follow, whether it was one or the other.

The judgment must therefore be affirmed.

All concur.

Judgment affirmed.