ANNA BARRY, Appellant, *v.* HAMBURG–BREMEN FIRE
INSURANCE COMPANY, Respondent.

A deed absolute in form, but in fact given simply as security for a debt,
does not convey the title, but is, both at law and in equity, a mortgage
only.

Where, therefore, a policy of fire insurance contained a condition to the
effect that a sale or transfer of the property sold or any change in the title
without the consent of the company would avoid the policy, *held,* that
a deed of the property, executed simply to secure a debt, was not within
the condition and did not affect the policy

*Barry* v. *H. B. F I. Co* (21 J. & S. 249), reversed.

(Argued April 26, 1888, decided June 5, 1888.)

APPEAL from judgment of the General Term of the Superior
Court of the city of New York, entered upon an order made
May 6, 1886, which affirmed a judgment in favor of defendant,
entered upon an order nonsuiting plaintiff on trial. (Reported
below, 21 J. & S. 249.)

This action was brought upon a policy of fire insurance
issued by defendant upon a dwelling-house.

The material facts are stated in the opinion.

*W. E. Osborn* for appellant. Conditions and provisos in
policies of insurance are to be construed strictly against the
underwriters, as they tend to narrow the range and limit the
force of the principal obligation. (*Herrman* v. *Merchants'
Ins. Co.,* 81 N. Y. 184; *Hoffman* v. *Ætna Ins. Co.,* 32 id.

405.)   A mortgage is not a sale or transfer of the property, nor does it work any change in the title.   The mortgagor remains both the legal and equitable owner and the mortgagee has only a chattel real and lien.   (*Conover* v. *Mutual Ins. Co. of Albany*, 1 N. Y. 290; *Trustees Union College* v. *Wheeler*, 61 id. 88; *Trimm* v. *Marsh*, 54 id 599; *Argall* v. *Pitts*, 78 id. 243.)   A deed, though in form an absolute conveyance, yet in fact intended and given only as security for a debt, is a mortgage, and is, therefore, not a "transfer or conveyance," or a "sale or transfer of the property," nor does it change the title.   (*Howe* v. *Keteltas*, 46 N. Y. 605, 609, 610; *Odell* v. *Montross*, 68 id. 499; *Dunham* v. *Day*, 15 Johns. 555; *Clark* v. *Henry*, 2 Cow. 322; *Murray* v. *Walker*, 31 N. Y. 401; *Carr* v. *Carr*, 52 id. 251; *Walton* v. *Crouly's Admr.*, 14 Wend. 63; *Sturtevant* v. *Sturtevant*, 20 N. Y. 39; *Despard* v. *Walbridge*, 15 id. 39.)   The court upon the trial erred in holding that, because the deeds were absolute upon their face, they constituted, *per se*, both a change of title within the meaning of the policy, although plaintiff was able to prove, and offered to prove, that they were, in fact, given and intended as mortgages only.   (*Hodges* v. *Tenn. M. & F. Ins. Co.*, 8 N. Y. 416.)

*Edward Salomon* for respondent.   Where a fire insurance policy names the owner of the property as the person insured, and makes the loss payable to another person as mortgagee, the latter cannot recover in case of a breach of the conditions of the policy by the mortgagor.   (*Grosvenor* v. *Atlantic Fire Ins. Co. of Brooklyn*, 17 N. Y. 391; *In re Hine* v. *Woolworth*, 93 id. 75.)   The deeds of conveyance, absolute upon their face, were both a "transfer" and a "change of title" of the property insured which terminated the policy, although given to secure debts.   (*Oakes* v. *Mfrs. Fire and Marine Ins. Co.*, 131 Mass. 164; *Foote* v. *Hartford Ins. Co.*, 119 id. 259; 1 R. S. 756, §§ 1, 2, 3; *Stoddard* v. *Rotton*, 5 Bosw. 378; *Farmers' Ins. Co.* v. *Archer*, 36 Ohio St. Rep. 608; *Savage* v. *H. Ins. Co.*, 52 N. Y. 502; *Hitchcock* v. *Northwestern Ins. Co.*, 26 id. 68.)

RUGER, Ch. J.   It was assumed upon the trial that the property described in the insurance policy, upon which this action was brought, had been destroyed by fire and the policy had become payable, by its terms, to the plaintiff, except for the alleged breach of a condition of the policy set up as an affirmative defense by the answer.

The condition referred to was a clause reciting substantially that " if the property shall be sold or transferred, or any change take place in the title or possession, whether by legal process, judicial decree or voluntary transfer or conveyance, * * * without the consent of this company written hereon, * * * then * * * this policy shall be void." The property referred to consisted of real estate, and it was admitted on the trial that no change of possession thereof had taken place within the meaning of the above condition. It was alleged, however, that the property had been sold or transferred and a change of title had been effected, which, it was claimed, avoided the policy.

To support this issue the defendant gave in evidence two deeds, both absolute in terms, and each purporting to convey the property, one from Maria Sleight, the owner, to one Michael Moloughney, Jr., and another from Moloughney to John H. Corwin, which were each executed subsequent to the date of the policy, and were, respectively, duly recorded in the clerk's office of the county where the property was situated. This evidence established a *prima facie* case for the defendant. To obviate the effect of this evidence the plaintiff offered to prove that the deed to Moloughney was given under a parol agreement to secure an existing indebtedness from Mrs. Sleight to Moloughney, and that a subsequent agreement was made between Mrs. Sleight and Moloughney, whereby Moloughney relinquished his security and conveyed the property to Corwin, as security for a debt owing by Mrs. Sleight to the latter.

The defendant's counsel, for the purposes of the motion, admitted the truth of the facts stated in the plaintiff's offer, and thereupon moved the court to nonsuit the plaintiff and

the court granted the motion, to which ruling the plaintiff
duly excepted.   The General Term, upon appeal to that court,
affirmed the judgment and the plaintiff appeals to this court.
For the purpose of our decision it must, therefore, be assumed
that the deeds in question were given as security.   We are of
the opinion that the courts below have erred in their views of
this case, and that the question presented by the exception has
been repeatedly adjudged in favor of the plaintiff by the
courts of this state.   There is no ambiguity in the terms of
the condition of the policy, and no question of construction
arises over the true meaning and intent of the provision.   If
the property has, in fact, been sold or transferred or any
change has taken place in the title or possession, then the
policy by its terms becomes void.   In determining this question
we can only inquire whether any transaction has taken place
which, in law, transferred the title of the property.   The
parties must be assumed to have contracted with full knowl-
edge of the law and to have used the terms employed in the
policy with reference to the character which the law attaches
to them.

It is not contended by the defendant that the giving of a
mortgage by Mrs. Sleight upon the property would have
effected a sale or transfer thereof or a change of title within
the meaning of the condition, but it is claimed that because
the defeasance was not written in the deeds put in evidence
they operated as a legal transfer of the title so far as the
defendant was concerned, and thus came within the terms of
the policy.   The precise and only question in the case is what
effect does the *law* give to a deed, absolute in form, but
which, in fact, is given as security for a debt.   Is it a convey-
ance of title or simply a chattel interest incapable of affecting
the title, except through legal proceedings to enforce the col-
lection of a debt?

It seems to us that the courts below have failed to appreciate
the effect produced by the abolition of the distinction between
law and equity, and the more recent decisions in this state
depriving a mortgage of the characteristics of a conveyance.

The cases are very numerous in our reports, and so familiar to the profession that we are surprised at the necessity, at this date, of referring to them at all.   We will, however, cite a few of the cases showing that it has been the settled law for many years that a deed, though absolute in form, if given as security for a debt, is, to all intents and purposes, both at law and in equity, a mortgage only.   The case of *Murray* v. *Walker* (31 N. Y. 399) was in ejectment by one holding a patent from the state acquired under a certificate of purchase assigned to him by the purchaser from the state as security for a loan, against a tenant of one who had acquired the rights remaining in such assignor after the assignment.   It was held that the patent, although absolute in form, was received by the patentee as security only and that the action could not be maintained, WRIGHT, J., saying : " A deed or conveyance absolute on its face, if really only intended to secure a debt, is deemed in equity and at law a mortgage though the defeasance be by parol."

In *Horn* v. *Keteltas* (46 N. Y. 605), ALLEN, J., said : " It is now too late to controvert the proposition that a deed absolute upon its face may in equity be shown by parol or other extrinsic evidence to have been intended as a mortgage. *   *   *   The courts of this state are fully committed to the doctrine, and whatever may be the rule in other states, here in passing upon the question we have only to stand upon the safe maxim of *stare decisis.*"   The same learned judge, in *Carr* v. *Carr* (52 N. Y. 251), says, " that whenever property is transferred, no matter in what form or by what conveyance, as a security for debt, the transferee take, merely as mortgagee and has no other rights or remedies than those the law accords to mortgagees."

It was held by this court, in the case *Shattuck* v. *Bascom* (105 N. Y. 40), that a judgment, rendered in an action of ejectment between one Coleman, as plaintiff, claiming title under an absolute deed from Bascom, and an adverse claimant, upon a verdict for the defendant, was not an adjudication which barred Bascom in a subsequent action between him and

such adverse claimant, if it was shown that such deed was given as security for a debt, EARL, J., saying: "Although the conveyance from the defendant to Coleman was in form a deed, it was, in fact, a mortgage, and had all the incidents of a mortgage. Coleman could not upon that deed have maintained an action of ejectment against his grantor or any other person. All he acquired by the deed was a lien upon the land for the security of his debt, and upon payment of his debt his interest in the land and his lien thereon would absolutely cease. Reconveyance by him to this defendant was not necessary to reinvest him with the absolute title, and was necessary only to clear up the record title. Therefore, the defendant did not in any sense take his title from Coleman, but his title was anterior to any interest which Coleman had in the land, and the legal title was in him at the time of the pendency of the action of *Coleman* v. *Shattuck*." We think, also, that the case of *Hodges* v. *Tennessee Insurance Company* (8 N. Y. 416), is in point in this case. The defendant contended in that case, as in this, that although the deed then in question as between the parties, might be construed as a mortgage, yet as to the defendant it was an absolute conveyance. But the court held otherwise, and decided that, as the deed was given as security for a debt, the title of the property did not pass, the grantor therein remaining the legal owner of the property, and that this fact might be shown by parol.

It follows, from these authorities, that the legal position of Mrs. Sleight, as the owner of the property, was not changed or affected by the deeds referred to, and that such instruments did not bring the transaction within either the letter or the spirit of the contract.

The interest of Mrs. Sleight in the property remained the same after as before the delivery. It is true, that, through a course of legal proceedings, the title to the property might finally be acquired by some one, if the debt was not paid, but this would be equally true if Mrs. Sleight had given to Moloughney her note of hand for the debt and it had been followed by judgment and a sale of the land under execution.

The circumstance that Moloughney or Corwin might, by a conveyance to a *bona fide* purchaser, have given a good title under the recording acts, does not affect the question as to whether Mrs. Sleight was the legal owner of the property at the time of the trial. She could, of course, estop herself by her conduct as against certain persons, from proving the truth as to her title, but this does not show that she *is* not the holder of the legal title, and there is nothing in this case to bar her from controverting the truth of the defendant's evidence tending to show that she had transferred the title of the property.

We think the judgments of the courts below should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.