FRANCIS SHIELDS, Respondent, *v.* ALVIN RUSSELL, Appellant.

*Deed given for $1,000 and a lease by the grantee giving a right to a reconveyance on its repayment constitute a mortgage — forfeiture is not favored — inconsistent covenants.*

Eliza H. Elliott, who owned the fee of certain land, being desirous of borrowing $1,000 for two years from Alvin Russell, she and her husband, John S. Elliott, entered into an agreement with Russell, pursuant to which, in consideration of the loan, the Elliotts deeded the real estate to Russell, and the latter leased it to John S. Elliott for the term of two years, who agreed not to assign the lease and to pay sixty dollars yearly as rent therefor. Russell further agreed that on repayment of said $1,000 and the rent reserved, within two years he would reconvey the land to John S. Elliott, his heirs and assigns. Mrs. Elliott, who agreed to all these stipulations, went into, and remained in, possession of the land with her husband.

About a month after Russell made the lease to John S. Elliott, the latter assigned it to Francis Shields, who, in the same year, tendered to Russell $1,000 and accrued interest and demanded a deed, which was refused, whereupon Shields then brought an action against Russell for specific performance, and recovered a judgment therefor.

Upon an appeal by Russell from this judgment:

*Held,* that the whole transaction amounted to a mortgage to secure the repayment to Russell by the Elliotts of $1,000 and interest.

That Shields had all the rights of John S. Elliott, to whom Mrs. Elliott had yielded all her rights in the premises.

That, although the covenant in the lease not to assign had been broken by John S. Elliott, yet his position was not that of a tenant, but that of a mortgagor, and that, as such, a covenant forfeiting his estate would not be favored.

That the covenant not to assign, and the covenant of Russell to reconvey to John S. Elliott, his heirs and assigns, were inconsistent, and that the latter covenant would be enforced as being most favorable to the right of redemption.

APPEAL by the defendant Alvin Russell from a judgment of the Supreme Court, entered in the Franklin county clerk's office on the 11th day of April, 1892, in favor of the plaintiff, directing the defendant to deliver to the plaintiff a good warranty deed in fee simple of the lands and premises described in the complaint, and awarding to the plaintiff the sum of $196.20 costs, and from the decision therein, signed by LESLIE W. RUSSELL, J. S. C., filed in the Franklin county clerk's office on the 7th day of April, 1892, and from each and every part thereof, and particularly from that portion thereof granting to the plaintiff an extra allowance of $100 costs; and also from the decision of the clerk of Franklin county, embodied in said

judgment, taxing and allowing to the plaintiff on the taxation of costs the said sum of $100 extra allowance, and from each and every part thereof, with notice of an intention to bring up for review on such appeal each and every order and decision made therein, including those made upon the trial of the action.

It appeared upon the trial that John S. Elliott assigned a lease of the premises in question to Shields on March 11, 1891, it having been executed February 4, 1891; that, in the year 1891, Shields, claiming to be entitled under the terms of the lease to a conveyance of the premises, tendered the sum of $1,000 and interest to Russell, who, according to his testimony given on the trial, said he did not want to have anything more to do with it; that he did not want to take the money, and would not sign a deed which was presented for his execution.

*John P. Kellas*, for the appellant.

*John P. Badger*, for the respondent.

HERRICK, J. :

Eliza H. Elliott and John S. Elliott desired to borrow the sum of $1,000 from the defendant. He agreed to loan them that amount for two years; to secure it they were to give him a deed of certain lands, and he to give back a lease of them. Eliza H. Elliott owned the fee of the real estate in question; she gave a deed of it, her husband, John S., joining with her, to the defendant; at the same time, the defendant gave to John S. Elliott a lease of the same premises for two years, by the terms of which John S. Elliott was to keep the property insured and in repair, to pay to the defendant sixty dollars a year rent, and not to assign the lease; the defendant agreed that, upon the payment of said rent, the performing of the other conditions of the lease and the payment to him, within two years, of the sum of $1,000, he would execute and deliver to said John S. Elliott, his heirs *and assigns*, a warranty deed in fee simple of the premises described in the lease. Eliza H. Elliott agreed, with her husband, that the lease should go to him, and she was present when it was made. The deed and the lease were made simultaneously for the same purpose; it was intended by all parties that they should take the place of, and operate as a mortgage to

secure to the defendant the repayment to him of the $1,000 loaned to the Elliotts. The whole transaction constituted . a mortgage. (*Macauley* v. *Smith et al.*, 132 N. Y., 524; *Thorn* v. *Sutherland*, 123 id., 236; *Barry* v. *H. B. Fire Ins. Co.*, 110 id., 1.) And upon payment of the loan to the defendant, his lien therefor would absolutely cease, and there would be no necessity for a reconveyance from him, except to clear up the record title. (*Barry* v. *H. B. Fire Ins. Co.*, 110 N. Y., 6; *Shattuck* v. *Bascom*, 105 id., 39, 43.)

The cases cited holding that the defendant took no title; that he simply had a lien upon the property as a mortgagee; would be an insuperable objection to the plaintiff's recovery in this case, except for the facts already stated that Eliza H. Elliott, who, under such authorities, must be considered the mortgagor, was a party to the whole agreement, consented to the lease given to her husband, in and by which lease it was agreed that the reconveyance should be made to her husband, his heirs and assigns, which agreement is just as binding as if it was contained in the deed itself; both are to be construed together as one instrument, and the further fact, as stated by the learned justice before whom the case was tried without a jury, that Mrs. Elliott, while upon the witness stand, disclaimed any right in the premises.

The plaintiff is the assignee of all the rights of John S. Elliott under the so-called lease; he has offered to pay the defendant the amount of his mortgage, and asks a conveyance to him of the property in question.

The defendant says that John S. Elliott covenanted and agreed in and by the lease not to assign such lease, and that by assigning to the plaintiff all rights under the lease, his right to a conveyance has been forfeited, and that the plaintiff is not entitled to a conveyance for that reason.

Practically the defendant's position amounts to this — that, by defaulting in one of the conditions of the lease, or mortgage, that which was a mortgage has been turned into an absolute deed; in fact the defendant stated that as his claim upon the trial in answer to a question of the court. "My opinion is that I am entitled to the ownership of the property for the reason that the transfer from Elliott to Shields was without my consent; and I propose to claim a forfeiture; no other reason in particular for me refusing to deed

to Shields except that I should object to him as a tenant; if he would pay up in full he would be no longer a tenant as I understand it; so that there is no other reason except the ground of forfeiture by assignment without my consent."

That position is one that finds no favor in equity; once a mortgage, always a mortgage. (*Macauley* v. *Smith*, 132 N. Y., 524–531.)

And a mortgagor, although he has not strictly complied with the terms of the mortgage, has a right of redemption. (*Matthews* v. *Sheehan*, 69 N. Y., 585–590.)

As a covenant between landlord and tenant, the covenant not to assign would probably be good, and the plaintiff could not occupy the premises as a tenant of the defendant; but, as we have seen, the real position of the defendant is not that of a landlord, but of a mortgagee, the mortgagors remaining in possession of the property.

I shall not discuss the question as to whether the clause forbidding an assignment was void as being in restraint of the power of alienation, nor as to what extent forfeitures are favored or frowned upon in law or in equity.

While there is that covenant on the part of Elliott that he will not assign the lease, there is also a covenant upon the part of the defendant that, upon the payment of $1,000 by Elliott or his assignee, he will convey to Elliott, his heirs and assigns the property in question; of course, Elliott's assigns could not pay, nor could the defendant convey to Elliott's assigns unless Elliott had assigned to some one; these provisions of the lease, or mortgage, being inconsistent, and, as we have seen, that equity does not favor an agreement that turns a mortgage into an absolute deed upon a default. (*Macauley* v. *Smith*, *supra*.) I think that the provisions of the lease, or mortgage, providing for a conveyance of the property to Elliott or his assigns upon his or their paying the amount of the mortgage should be held paramount, and that the plaintiff, as Elliott's assignee, is entitled to a conveyance of the property in question.

Let the judgment be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.