DUNLOP v. MULRY et al. (Supreme Court, Special Term, New York County.) Action by

Clark W. Dunlop against Lawrence V. Mulry and others.

LEVENTRITT, J. Neither of the objections to the title has the support of authority. The defendant Mulry mortgaged certain leasehold premises to the plaintiff. It appears that the original leases made to the defendant's father contained a clause prohibiting the granting, assigning, or transferring of the lease without the written consent of the lessor. Upon the father's death, and under his will, the executors, of whom the defendant was one, assigned to him, in part payment of a certain legacy under the will, the lease in question. To this transfer the consent of the lessor was obtained. Thereafter the defendant mortgaged his interest in the leaseholds to the plaintiff, but without first securing the written consent of the lessor. The mortgage has been foreclosed, and the purchaser objects to the title, first, because of the absence of this consent, and, secondly, because of the pendency of a certain proceeding instituted by a sister of the defendant who attacks the validity of the assignment of the leases to him under his father's will. The case of Riggs v. Pursell, 66 N. Y. 193, answers both objections. The familiar principle was there enunciated that a purchaser upon a sale will not be relieved on account of defects in the property or the title thereto of which he had notice. It appears conclusively, partly by averment and partly by undenied allegation, that the purchaser had notice of the sister's proceeding attacking the validity of the transfer. With her probability of success this motion has nothing to do, but the fact that the firm of which the purchaser is a member represented her in the proceeding, and that he himself argued the motion as counsel, is one of the important facts establishing knowledge on his part of the very proceedings he now invokes to relieve himself of his contract. Riggs v. Pursell, supra, was also the foreclosure of a leasehold, and contained a covenant on the part of the lessee that he would not during the term assign, transfer, or set over the lease, or any of the term thereby created, and it was there claimed on behalf of the purchaser that the giving of the mortgage without the consent first had was a violation of the covenant. The court say: "The giving of the mortgage was not a violation of the covenant. A mortgage, in this state, of land, is not a transfer of the legal title or the possession, but a mere security. Trimm v. Marsh, 54 N. Y. 599 [13 Am. Rep. 623]. * * * It is, therefore, clear that this lease was not forfeited by the giving of the mortgage, which did not transfer the title to the premises or the lease. Neither was it forfeited by the sale under the decree. This was a judicial sale in a hostile proceeding, a sale in invitum, and such sales are held not to violate this covenant. An assignment, either by the lessee or his executor which is not voluntary, but caused by operation of law, is not a breach of the covenant not to assign." Analogous to the decision in the Riggs Case is that of Barry v. Hamburg-Bremen Fire Ins. Co., 110 N. Y. 1, 17 N. E. 405, which holds that the execution of a mortgage is not a violation of a contract provision not to assign. The motion is granted, with $10 costs.