CONOVER v. PALMER et al.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

1. APPEAL—REVIEW—NATURE OF DECISION APPEALED FROM — DISMISSAL — FINDINGS.

Where, at the close of plaintiff's case, defendant moved to dismiss, which motion was granted, but later the court made a decision containing findings of fact, the decision will be treated as on the facts.

2. MORTGAGES—ABSOLUTE DEED AS SECURITY—TIME OF REDEMPTION.

Where a deed is given as security for a debt, with the privilege of redeeming within a certain time by paying the indebtedness, the right of redemption is not extinguished if not exercised within the period specified.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, § 1705.]

3. SAME.

In an action by a married woman to have an absolute deed declared to be a mortgage given as security for a loan, it is immaterial whether the loan was to her or her husband.

4. SAME.

Where a conveyance of land is made as security for a loan, although there is no personal obligation to repay, the mortgagee looking solely to the instrument, it will be deemed a mortgage if intended as security.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, §§ 60–66.]

5. SAME—EVIDENCE AS TO CHARACTER OF INSTRUMENT—SUFFICIENCY.

In an action to have an absolute conveyance declared to be a mortgage, evidence held to show that the conveyance was intended as security for a debt; and hence was a mortgage, and not a conditional sale.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, §§ 108–111.]

Appeal from Special Term, Kings County.

Action by Experience M. Conover against George W. Palmer and another, executors of James W. Elwell, deceased. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Ernest J. Magen, for appellant.

Edward Grenville Benedict (Robert D. Benedict, on the brief), for respondents.

MILLER, J. The plaintiff seeks an adjudication that an instrument, in terms a deed of conveyance to the defendants' testator, executed by her in November, 1886, was in fact a mortgage, an accounting to ascertain the amount of her indebtedness and the amount received by the defendants, they having sold the premises involved, and a decree requiring them to pay her the sum ascertained to be her due. See Mooney v. Byrne, 163 N. Y. 86, 57 N. E. 163. At the trial the complaint was dismissed at the close of her case, the record in that regard being as follows, viz.:

"Defendant's Counsel: I move for judgment on the case as made. I have some evidence I might give.

"The Court: There is nothing here to justify judgment for the plaintiff.

"Defendant's Counsel: I make the motion to dismiss.

"Court: Motion granted. (Plaintiff excepts.)"

I think the learned trial court intended to rule as matter of law that the plaintiff had failed to prove her case, but a decision containing findings of fact was subsequently made; hence I shall treat the decision as on the facts. See Code Civ. Proc. §§ 1021–1022; Deeley v. Heintz, 169 N. Y. 129, 62 N. E. 158.

The court made inter alia the following findings of fact, viz.:

"Third. As to the facts in the third article of said complaint stated, I find that the plaintiff did not on or about the 11th day of November, 1886, or at any other time, borrow from James W. Elwell the sum of $1,500, to be thereafter repaid to him by the plaintiff, with interest.

"Fourth. I find that the plaintiff, her husband, Alfred C. Conover, and Jacob P. Snyder, did make the deed mentioned in the third article of the complaint; but that the same was not made for the better security of the payment of any amount to the said Elwell.

"Fifth. As to the fourth article of the complaint, I find that it was not agreed between the parties to said deed at any time that the premises so conveyed should be held by the said Elwell as security for the payment by plaintiff of the said amount; nor was it agreed that upon payment of said indebtedness said premises would be reconveyed to plaintiff. But I find that at the time of the execution and delivery of said deed an agreement was made between said Elwell and Alfred C. Conover, husband of the plaintiff, that said Conover might repurchase the said premises in said deed mentioned at any time within three years, on the payment of all indebtedness of said Alfred C. Conover to said Elwell, and the firm of which said Elwell was a member."

Said findings were duly excepted to. I think the fourth finding is not only unsupported by evidence, but is opposed to the undisputed evidence, both oral and documentary, and that it is inconsistent with the fifth finding. An examination of the evidence becomes necessary.

Alfred Conover, the plaintiff's husband, testified that he borrowed for the plaintiff $1,500 of Mr. Elwell, the defendants' testator, and gave him said deed "as security for that loan or any other debts that might accrue to Mrs. Conover's shipping interests"; that at the time of the delivery of said deed said Elwell executed a written agreement, which had been lost, but which provided that he might have the privilege of redeeming the land in three years by paying all the indebtedness to said Elwell and his firm. It is unnecessary to analyze the testimony of this witness. It was not disputed, but the court was not bound to believe it. The court could have found, as it evidently did, that the loan was to the witness, not to his wife; and, although there is no finding on the subject, that the instrument containing the defeasance clause, instead of being lost, was destroyed in consideration of a further advance subsequently made. Another witness, entirely disinterested so far as appears, a relative of said Elwell's, who had certain business connections with him at the time of said transactions, testified to a conversation with him, in which he stated that said Conover had deeded the land to him as security for his indebtedness. It was for the trial court to determine the weight to be given the evidence of an alleged admission made many years before its relation by the witness. But the letters written by the deceased characterize the transaction too plainly to admit of dispute. I select a few excerpts bearing directly upon the point:

"There has [sic] been several inquiries for the land in Atlantic City deeded to me by yourself and Mrs. Conover on which you have an agreement from me to

108 N.Y.S.—31

hold it three years if advisable. More than two years have passed and interest is accumulating."

Again:

"Will you please send the letter to me signed by your wife and yourself giving me the privilege to sell and dispose of the whole or part of lands deeded to me by waiving the privilege of your redeeming it by paying all your indebtedness to me and the firm."

. Again:

"I should be.glad to dispose of all of it if I could get a sum to cover your indebtedness."

Again:

"Yours of 19 inst. was duly received. You should not ask me to let you have any more money. From past transactions I must decline."

I need not discuss the proposition that a conveyance absolute in terms is a mortgage if intended as security merely. There can be no doubt that an indebtedness was created; hence the transaction was not a sale with an agreement for a resale. The Conovers were to have the privilege of redeeming within three years by paying their indebtedness. Said Elwell may have thought that that privilege would be extinguished if not exercised within the period specified, but it would not have been even if expressly so stipulated in the instrument itself; for the maxim, "Once a mortgage, always a mortgage," applies. Mooney v. Byrne, supra; Hughes v. Harlam, 166 N. Y. 427, 429, 60 N. E. 22; Peugh v. Davis, 96 U. S. 332, 24 L. Ed. 775; Macauley v. Smith, 132 N. Y. 524, 30 N. E. 997. I do not discuss the point argued at length by counsel whether the loan was to the plaintiff or her husband, for that is immaterial. See Carr v. Carr, 52 N. Y. 251; Pardee v. Treat, 82 N. Y. 385. The trial court found that Conover was to have the privilege of repurchasing within three years by paying his indebtedness. An indebtedness was created then and subsisted. Thus the conclusion is inevitable that the conveyance was intended as a security. Even where there is no personal obligation to repay, the mortgagee looking solely to his mortgage, the instrument will be deemed a mortgage if intended as security. Matthews v. Sheehan, 69 N. Y. 585, and cases cited. Surely, then, the fact that an indebtedness was created by the transaction (and so the court found in effect) is controlling. It does not matter whether the agreement was in terms for repurchase, reconveyance, or redemption. The test is: Was the conveyance intended as security for the debt? Undisputed evidence, both oral and documentary, shows that it was, and to my mind the trial court has so found. Even if the case were doubtful, we should have to hold that the transaction amounted to a mortgage and not a conditional sale. Matthews v. Sheehan, supra; Hughes v. Harlam, supra.

There is evidence from which the court might have found that the writing containing the defeasance clause was destroyed by the parties in consideration of the payment by said Elwell of a further sum of money. It does not appear that anything else was done to create an estoppel, and it seems that the mere payment of money, standing alone,

is not sufficient.   Odell v. Montross, 68 N. Y. 499.   However this may be, the question is not presented by the record before us.

The judgment should be reversed on the law and the facts.

Judgment reversed on the law and the facts, and new trial granted, costs to abide the final award of costs.   All concur; HIRSCHBERG, P. J., not voting.