RICHARDSON v. BEABER et al.

(Supreme Court, Special Term, Niagara County. March 25, 1909.)

1. MORTGAGES (§ 37*) — ABSOLUTE DEED AS MORTGAGE—PAROL EVIDENCE—ADMISSIBILITY.

In an action to be declared the equitable owner of land, plaintiff could show by parol that a conveyance to defendant by a third person was intended as security for money advanced by defendant on plaintiff's behalf.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 98; Dec. Dig. § 37.*]

2. MORTGAGES (§ 38*)—DEED AS MORTGAGE—DEGREE OF PROOF.

In an action to be declared the equitable owner of land conveyed under deed claimed to be a mortgage, parol evidence to show that the deed was intended to operate only as a mortgage must be clear, unequivocal, and convincing beyond a reasonable doubt.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 109; Dec. Dig. § 38.*]

3. MORTGAGES (§ 38*)—DEED AS MORTGAGE—EVIDENCE—SUFFICIENCY.

Evidence held to show that a deed from a third person to defendant was intended to operate as a mortgage to secure plaintiff's debt.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 38.*]

4. MORTGAGES (§ 38*) — ABSOLUTE DEED AS MORTGAGE — VERBAL ADMISSIONS—WEIGHT.

On an issue whether a deed was intended to operate as a mortgage, verbal admissions are entitled to little weight.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 111; Dec. Dig. § 38.*]

5. ESTOPPEL (§ 94*)—EQUITABLE ESTOPPEL—ACQUIESCENCE.

The equitable owner of land under a deed intended to operate as a mortgage to defendant estopped herself to claim relief against a purchaser from defendant by permitting the purchaser to deal with the defendant as owner.

[Ed. Note.—For other cases, see Estoppel, Dec. Dig. § 94.*]

6. MORTGAGES (§ 226*)—DEED AS MORTGAGE—SALE BY MORTGAGEE—RIGHTS OF MORTGAGOR.

The grantee of a deed intended to operate as a mortgage having sold the land, the mortgagor is entitled to an accounting and to judgment for the amount of the purchase price obtained by mortgagee and interest, less the amount of the mortgage debt, with interest and taxes.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 226.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Catherine Richardson against William E. Beaber and another. Judgment for defendant Lackawanna Steel Company, and for plaintiff against defendant Beaber.

D. Elwood Jeffery and S. Wallace Dempsey, for plaintiff.

Abner T. Hopkins and David Tice, for defendant Beaber.

L. L. Babcock and Evan Hollister, for defendant Lackawanna Steel Co.

POUND, J. The evidence is undisputed: That the plaintiff was, prior to May, 1905, the owner of the premises in suit, being a farm of 49 acres in the town of Lewiston, Niagara county, N. Y., of the then value of about $2,500, subject to a mortgage of $1,500; that said premises were, on the 9th day of May, 1905, sold on a foreclosure sale to Henry F. Tarbox, a brother of the mortgagee, for $1,400; that Tarbox and his wife, on the day following, conveyed the same to Samuel G. Stover, a neighbor of the parties, for $1,900; that Stover had been present at the foreclosure sale and had taken an active interest therein; that plaintiff's husband, Rollin B. Richardson, was then indebted to Stover in the sum of $200; that Stover was desirous, or at least willing, to co-operate in saving the place for plaintiff so long as he came out whole; that plaintiff thereupon opened negotiations with Stover and Beaber for the purpose of saving the place, she being unable to take title herself; that Stover agreed to convey the farm to defendant Beaber for $1,900, if Richardson would in addition, pay his debt of $200; that Richardson raised and paid the $200; that at plaintiff's request defendant Beaber paid and secured $1,900 to Stover, and on May 13, 1905, Stover gave Beaber a deed of the premises; that Richardson and his wife remained in practically uninterrupted possession of said premises after as before the foreclosure sale; that the Richardsons paid, or agreed to pay, Beaber, annually an amount equal to interest on $1,900 at 5 per cent., and paid, or agreed to pay, the taxes on the premises; that Beaber made no repairs on the premises and exercised no acts of ownership over same, except to collect his payments; that in the fall of 1907 defendant steel company bought extensively in the neighborhood for quarry purposes; that Beaber gave an option on the farm in October, 1907; that said option was secured by one Boardman; that the option ran to one Conkling, but was assigned to the steel company along with other options on farms in the vicinity; that early in the year 1908 defendant Beaber conveyed the premises to the steel company for $5,000, giving a warranty deed thereof; that he refused to pay over to plaintiff any part of the proceeds; and that plaintiff knew of the negotiations between Beaber and the steel company, and was satisfied with the terms of sale.

Defendants take the position that this action was begun as a suit to compel the specific performance of an alleged parol contract for the purchase of the lands in suit between the owner, defendant William E. Beaber, and the plaintiff, Catherine Richardson, and that as plaintiff's proofs fail to disclose mutuality of that remedy in both parties to the contract, or any personal obligation on the part of the plaintiff

to pay the purchase price, and leave the agreement itself vague and indefinite in essential respects, the remedy of a specific performance would be unsuitable and inappropriate. Wadick v. Mace, 191 N. Y. 1, 83 N. E. 571. Plaintiff disclaimed this theory of her case at the beginning of the trial, and now asks judgment declaring her to be the equitable owner of the lands, on the theory that Beaber took title to the farm as security for the advancement of $1,900 made by him at plaintiff's request, and that plaintiff had the right, at any time before her equity of redemption was cut off, to pay the amount advanced, with interest and taxes, and thereupon to receive a conveyance of the legal title. In that event it would matter little whether plaintiff assumed any personal obligation to repay the $1,900, or whether her right was one of repurchase, redemption, or reconveyance, and the only question would be whether the conveyance was intended as security for the sum advanced. Conover v. Palmer, 123 App. Div. 817, 821, 108 N. Y. Supp. 480. And if such were the relations of the parties, they might be established by parol. Mooney v. Byrne, 163 N. Y. 86, 57 N. E. 163; Falkner v. Cody, 45 Misc. Rep. 64, 91 N. Y. Supp. 633; Conover v. Palmer, supra, and again, 60 Misc. Rep. 241, 111 N. Y. Supp. 1074; Umfreville v. Keeler, 1 Thomp. & C. 486; McFadden v. Allen, 134 N. Y. 489, 32 N. E. 21, 19 L. R. A. 446.

All the matters have been litigated. No one has been surprised or misled. The gist of plaintiff's action as pleaded and proved is that she be declared in equity the owner in fee of the premises in suit, subject to the lien of defendant Beaber. The rule in cases of this kind is well settled. If the conveyance is by deed, parol evidence to show that it was intended as security for a debt and to operate only as a mortgage must be clear, unequivocal, and convincing beyond a reasonable doubt, or the presumption that the instrument is what it purports to be must prevail. Bascombe v. Marshall, 129 App. Div. 516, 113 N. Y. Supp. 991.

Defendants claim, and their evidence tends to show, that Beaber took title in fee, and merely leased the premises to the Richardsons. Plaintiff's evidence is equally positive that the deed was taken to secure the $1,900 merely. A critical examination of the undisputed facts satisfies me that, tested by the severe rule above stated, plaintiff has overcome the presumption that the deed is what it purports to be. Defendant Beaber is a half-brother of plaintiff. Their relations were friendly at the time he took title to the premises, and continued so until the sale to the steel company was consummated. He desired to save the place for "Kit" (the plaintiff), and had no other motive in taking title to it. Yet the Richardsons had to raise $200 to put into the place in addition to the $1,900, which seems inconsistent with the idea that they were to remain as tenants merely. They paid interest and taxes, in form at least, and the conclusion is irresistible that the understanding of the parties was that Beaber should, in effect, take up the Stover title and carry it for the plaintiff as security for the money he put into it.

Verbal admissions one way or the other must be given little weight. Tousey v. Hastings, 86 N. E. 831. As the maxim is, "Once a mort-

gage, always a mortgage," plaintiff's equity of redemption had not been cut off at the time of the conveyance to the steel company, and she then held the equitable title to the farm. Mooney v. Byrne, 163 N. Y. 86, 57 N. E. 163. But "he who seeks equity must do equity." Plaintiff had clothed Beaber with the indicia of her title, and, if she permitted the steel company to deal with him as owner, it must be to her detriment and not to theirs. 16 Cyc. 762; Bank of Mononga-hela Valley v. Weston, 172 N. Y. 259, 266, 267, 64 N. E. 946. While there is evidence to the effect that she told Boardman, who negotiated the option, that Beaber "could not give title," I am convinced that she acquiesced in the sale and transfer of the farm by him and the payment of the purchase price to him, trusting to him to "whack up," as her husband puts it, when he received the money. It was as if he held her power of attorney. The steel company was not bound to follow the proceeds of the sale into the hands of the principal, and I find that the steel company obtained good title to the premises, free from plaintiff's equitable interest therein, and that the complaint should be dismissed as against it. "Equity delights to do justice, and not by halves." 16 Cyc. 134.

Plaintiff is entitled to an accounting and to judgment against defendant Beaber for the amount of the purchase price and interest, less the amount of his claim for the $1,900 advanced, with interest and taxes. Valentine v. Richardt, 126 N. Y. 272, 27 N. E. 255. Let the amount be computed by a referee.