SCHENECTADY SAVINGS BANK, Appellant, *v.* EDWARD B. ASHTON, Defendant, Impleaded with EDGAR T. BRACKETT, Appellant, SCHENECTADY HOLDING Co., INC., Respondent, and Others, Defendants.

THE ADIRONDACK TRUST COMPANY, as Plaintiff's Assignee, Appellant.

Third Department; May 16, 1923.

Mortgages — action to foreclose — lessee not entitled to assignment of bond and mortgage without releasing mortgagor from personal liability.

The lessee of premises that are subject to a mortgage, the payment of which was assumed by the grantee of the premises, is not entitled to an assignment of the bond and mortgage from the assignee of the mortgagee upon a tender of the amount due on the mortgage which is being foreclosed, unless it releases the mortgagor from his personal liability on the bond.

APPEAL by the plaintiff, Schenectady Savings Bank, in which its assignee, The Adirondack Trust Company, joins, and by the defendant Edgar T. Brackett, from an order of the Supreme Court, made at the Washington Special Term and entered in the office of the clerk of the county of Schenectady on the 19th day of February, 1923, directing that the Adirondack Trust Company execute and deliver to the defendant Schenectady Holding Company, Inc., an assignment of a certain bond and mortgage described in the complaint, together with said bond and mortgage and other prescribed papers, discontinuing the action to foreclose said mortgage and directing the clerk of the county of Schenectady to cancel the notice of pendency therein.

The defendant, appellant, Edgar T. Brackett, owned the Mohawk Hotel in the city of Schenectady. He executed a bond in the sum of $150,000 and a mortgage on the hotel property to secure the payment thereof. Thereafter he leased this hotel property to the Schenectady Holding Company, Inc., defendant, respondent, for a term of years. Thereafter and while said lease was still outstanding he sold the property to one Edward B. Ashton, who assumed payment of the mortgage debt. The bond and mortgage was owned by the Schenectady Savings Bank, plaintiff, appellant, and being due, principal and interest, the action in which the order appealed from was made was begun to foreclose the mortgage. The Schenectady Holding Company tendered payment to the Schenectady Savings Bank and demanded an assignment of the bond and mortgage, claiming that being the lessee of the premises

it was entitled to such assignment. This demand was not complied with but an assignment was made to the Adirondack Trust Company, of which Mr. Brackett was an officer, and the foreclosure action continued in the name of the Schenectady Savings Bank. The Schenectady Holding Company then made tender to the Adirondack Trust Company of the amount due upon the bond and costs of the action to date. The demand was refused, among other reasons, on the ground that Edgar T. Brackett had not been released from his personal obligation on the bond. Thereupon the amount tendered was paid into court and a motion made for an order requiring the Adirondack Trust Company to execute and deliver to the Schenectady Holding Company an assignment of the bond and mortgage, with any other papers held by it as owner of the mortgage, and for a discontinuance of the action. The court granted the motion, directing the assignment of the mortgage to the Schenectady Holding Company and discontinued the foreclosure action. The appeal is from this order. The opinion of the Special Term is reported in *Schenectady Savings Bank* v. *Ashton* (120 Misc. Rep. 268).

*Newman E. Wait,* for the appellants, Schenectady Savings Bank and the Adirondack Trust Company.

*Sheridan P. Wait* and *Spencer B. Eddy,* for the defendant, appellant.

*Leary & Fullerton* [*Walter A. Fullerton* and *Edward H. Gilhouse* of counsel], for the defendant, respondent.

VAN KIRK, J.:

The assumption of the mortgage debt by the grantee of mortgaged premises does not release the mortgagor from his obligation upon the bond secured by the mortgage. The liability of the obligor remains for the deficiency, the amount of which can be determined only after the sale of the mortgaged premises. The obligor desires naturally that he should be relieved from this liability. He can be so relieved by a sale of the premises or by an instrument executed by the mortgagee or his assigns releasing him from his personal liability upon the bond. Such release may be given and the mortgagee left to look solely to the mortgaged premises for payment without extinguishing the mortgage debt, if such intent be expressed in the release. (Thomas Mort. [3d ed.] § 14; Jones Mort. [6th ed.] § 983; *Conover* v. *Palmer,* 123 App. Div. 817.) The Schenectady Holding Company refuses to execute such release, although the defendant, appellant, consents in open court that if such release of his personal obligation be executed by the Schenectady Holding Company the foreclosure action now being prose-

cuted by his appointee may be discontinued upon payment to the Adirondack Trust Company of the amount to which it may be entitled.

In our view the defendant, appellant, need not rest content under his personal liability upon this bond, which liability is uncertain in amount and subject to the constant risk of depreciation in the value of the mortgaged premises, due to falling prices or other causes. An action may at any time be brought against him as the obligor by the mortgagee, or his assigns, upon the bond without foreclosure of the mortgage. (*Marshall* v. *Davies*, 78 N. Y. 414, 421.) The mortgage was simply collateral security for the debt it secures. This debt being due the mortgagor is entitled upon payment of the amount to an assignment of the bond and mortgage to himself, or in order to avoid complications as to title, to one nominated by him to aid in relieving him from his liability, to the end that by foreclosure reimbursement may be had from the proceeds of a sale of the mortgaged premises (*Johnson* v. *Zink*, 51 N. Y. 333); or he may maintain an action in equity to secure payment of the mortgage debt from proceeds of sale of mortgaged premises. (*Marsh* v. *Pike*, 10 Paige, 595.) The Adirondack Trust Company stands here as the nominee of the defendant, appellant, to enforce payment of the mortgage debt by a sale of the mortgaged premises.

Whatever right the Schenectady Holding Company may have to demand and receive an assignment of the bond and mortgage its right is subordinate to and derived from the mortgagor. The mortgage was outstanding when the lease was made and the rights of the lessee are derived from the lessor, the defendant, appellant. If the relief demanded upon this motion be denied the Schenectady Holding Company, it is not unjustly prejudiced. It may purchase the premises upon the foreclosure sale and thus protect its lease, or it may release the defendant, appellant, from his personal obligation upon the bond, retaining its right to reimbursement from the premises. That the defendant, appellant, has a right to be relieved from his continuing personal liability, the amount of which is uncertain, upon this bond cannot be doubted, and the maintenance of his right is so consistent with justice that the citation of no further authority is necessary.

The order should be reversed, with ten dollars costs and disbursements.

H. T. KELLOGG, Acting P. J., KILEY, HINMAN and HASBROUCK, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements.